In re Judith Kay FONTAINE,
Debtor-Appellant.

Edward P. BATT, Plaintiff,

v.

Judith FONTAINE, Defendant.

BAP No. EC–82–1101–KHE.

Bankruptcy No. 281–03840–W–13.

Adv. No. 281–1305.

United States Bankruptcy Appellate Panels
of the Ninth Circuit.

Argued July 16, 1982.

Decided Dec. 13, 1982.

Nancy Eichler, law offices of Melvyn J. Coben, Sacramento, Cal., for defendant.

Boutros Abi-Nader, Citrus Heights, Cal., for plaintiff.

Before KATZ, HUGHES, and ELLIOTT, Bankruptcy Judges.

OPINION

KATZ, Bankruptcy Judge:

The debtor appeals from the trial court's order granting relief from stay. We AFFIRM.

When the debtor bought her house, the seller took back a short-term promissory note secured by a second trust deed on the property. This note was fully due and payable before the debtor filed her Chapter 13 petition. In her plan, the debtor proposed to sell her house within six months and pay off the seller's note.

Before the plan was confirmed, the seller filed a complaint for relief from stay alleging no equity in the property and no adequate protection. The debtor answered and claimed that relief was not timely because her plan would cure her default to the seller within a reasonable time. She relied on 1322(b)(5).

The trial court held that the seller should be free to foreclose on the house because to confirm the plan would "result in the court's rewriting an unambiguous contract." We AFFIRM the trial court's decision, but on a different logical basis.

■ The debtor is correct that 1322(b)(5) does allow a Chapter 13 plan to cure a default. Arguably, the debtor's failure to make the balloon payment to the seller was a default. Not all defaults, however, are within the ambit of 1322(b)(5).

■ The Legislative History of this section states: "Paragraph (5) concerns long-term debt, such as mortgage debt." H.R. 95–595, 95th Cong. 1st Sess. (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6384. Therefore, only default on long-term debt is curable under 1322(b)(5). The definition of long term is found both in the legislative history and the section itself. Long-term debt is "[a]ny unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." 1322(b)(5) and H.R. 95–595, 95th Cong. 1st Sess.

(1977), U.S.Code Cong. & Admin.News 1978, p. 6384.

■ The debt here is not long term as § 1322(b)(5) contemplates it, and cannot be cured under § 1322(b)(5). The debtor's argument against relief from stay being untenable, we AFFIRM the trial court.