**In Re Robert A. SCHILLING, Debtor.**

**Bankruptcy No. BK–R–86–00149.**

United States Bankruptcy Court,
D. Nevada.

Aug. 25, 1986.

Shawn B. Meador, Woodburn, Wedge, Blakey & Jeppson, Reno, Nev., for plaintiff.

Lawrence J. Semenza, Reno, Nev., for debtor/defendant.

James L. Morgan, Henderson & Nelson, Reno, Nev., for debtor and respondent.

Linda E. Johnson, Carson City, Nev., for movant.

### Order Denying Confirmation of Chapter 13 Plan

JAMES H. THOMPSON, Bankruptcy Judge.

Barbara Schilling, debtor's former wife, objected to confirmation of the Plan filed on June 14, 1986. Barbara has a claim for over $40,000 which is secured solely by debtor's principal residence. This debt matured by its own terms prior to the filing of the bankruptcy petition.

Debtor's plan provides for payment of $140.00 per month to the trustee. For the first twelve months, the trustee will disburse $76.43 to General Motors Acceptance Corporation, and the balance of the $140.00 to Barbara Schilling. After 12 months, the entire $140.00 will be paid to Barbara until the residence is sold and Barbara is paid off in full. Debtor proposes that the sale will occur within five years of confirmation of the plan.

The Court finds the case of *In re Seidel*, 752 F.2d 1382 (9th Cir.1985), to be controlling here. The proposed treatment of Barbara's claim violates § 1322(b)(2) and (b)(5). The Plan cannot be confirmed.

Section 1322(b)(2) provides, among other things, that a Chapter 13 plan may modify secured claims except for one secured solely by real property that is the debtor's principal residence. Section 1322(b)(5) further provides that notwithstanding (b)(2), the plan may cure defaults within a reasonable time during while maintaining regular payments during the pendancy of the case.

The default here which debtor must cure is the failure to pay Barbara in full when the debt matured by is own terms in December 1985. As *Seidel* points out, to cure this type of default and reinstate the debt merely makes the debt immediately due and payable. 752 F.2d at 1386. To pay the creditor a small amount each month for up to five years, with the promise to pay the balance from the sale of the residence within that time, is both an unreasonable cure under § 1322(b)(5) and an impermissible modification of the rights of the secured creditor under § 1322(b)(2).

The *Seidel* court recognized, as this Court does, the very significant difference between a debt which had been *accelerated* prepetition, and a debt which matured naturally, *without acceleration*, prepetition. *Id.* at 1386. In the former case, a cure under § 1322(b)(5) reinstates the original payment terms of the debt, and allows the debtor to satisfy the creditor by resuming what are usually monthly payments. This option is not available when the debt had already matured prepetition.

The only possible distinction between this case and *Seidel* is that *Seidel* involved an institutional lender while the debt in this case arose out of a divorce and property settlement agreement. The creditor here is debtor's former spouse. The Court finds this to be a distinction without significance. Section 1322(b)(2) does not limit its protection to institutional lenders or to purchase-money security interests. Congress failed

to distinguish among different types of lenders, and this Court will not rewrite the statute. If anything, individual claimants such as Barbara Schilling may be in need of more, not less, protection than institutional lenders. Accordingly,

IT IS HEREBY ORDERED that confirmation of Debtor's Chapter 13 Plan, filed June 14, 1986, is DENIED. The Court finds it unnecessary to address the remainder of Barbara Schilling's arguments.