**In re Tien NGUYEN and Phung Dang, Debtors.**

**Bankruptcy No. LR 88–589M.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

Nov. 4, 1988.

Judy Simmons Henry, Little Rock, Ark., for Worthen.

A.L. Tenney, Little Rock, Ark., Trustee.

William Owen, Little Rock, Ark., for debtors.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On March 23, 1988, Tien Nguyen and Phung Dang, husband and wife, filed a voluntary petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code. An objection to confirmation of the plan was filed by Worthen Bank & Trust Company, N.A. (Worthen), and a confirmation hearing was held on August 5, 1988.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The Court has jurisdiction to enter a final judgment in the case.

The debtors' schedules reflect that the debtors operated Livian, Inc., a clothing store business located in Little Rock, Arkansas, prior to filing bankruptcy. On November 21, 1985, Tien Nguyen, on behalf of Livian, Inc. d/b/a Oriental Tailor Shop, executed a promissory note in favor of Worthen in the principal sum of $23,534.66. The note accrued interest at the rate of 13% per annum and was to be repaid on demand or in three consecutive monthly payments of $1,430.00, with the last payment to include all unpaid principal and accrued interest. The repayment of this note was guaranteed by the debtors pursuant to a written guaranty executed February 17, 1985. The note stated that it was a renewal of earlier notes and that it was secured by second and third mortgages on the debtors' homestead, as well as by all inventory and accounts receivable of the clothing store business.

On February 7, 1986, both debtors executed a document styled "Modification Agreement" which, according to a bank officer's testimony, extended the due date of the balloon payment of the original note to February 23, 1986. The document stated that the modified note was secured only by the two mortgages on the debtors' homestead.

The mortgages securing the note were executed by the debtors on May 12, 1983, and February 17, 1984, as security for funds advanced for the operation of Livian, Inc. Tien Nguyen also executed a security agreement [1] on May 12, 1983, which granted a lien in inventory and accounts receivable in favor of Worthen to secure the same indebtednesses. The testimony at trial was that the inventory was depleted and that the few remaining accounts receivable had no value. The testimony also established that the debtors' homestead was worth substantially more than an existing first mortgage and Worthen's secured claim. On the day the petition was filed, the note to Worthen was fully matured and was in default.

The debtors' narrative statement recites that Worthen's claim was for an "arrearage" in the amount of $17,000.00, and the plan proposes to repay the debt at the rate of $170.00 per month for ten years with a balloon payment of all unpaid principal and accrued interest at the end of ten years. Worthen's objection to treatment of this claim is sustained for two reasons.

 First, the plan misstates the amount of Worthen's claim. The evidence is uncontradicted that the unpaid principal on the note is $17,890.59, plus accrued prepetition interest of $5,379.92 as of August 5, 1988. The evidence is also undisputed that Worthen's claim is oversecured; therefore, unless Worthen agrees to accept less, any plan must propose that Worthen retain its lien and that its claim be paid in full including interest at the appropriate market rate, reasonable attorney's fees and costs. *See* 11 U.S.C. § 1325(a)(5)(B); 11 U.S.C.

---

**1.** It is not clear if Tien Nguyen executed the security agreement as an individual or on behalf of Livian, Inc. The record is silent as to whether the inventory and accounts receivable were owned by the debtors or Livian, Inc.

§ 506(b); *In re Hink*, 81 B.R. 489, 491 (Bankr.W.D.Ark.1987); *In re Driscoll*, 57 B.R. 322, 328 (Bankr.W.D.Wis.1986); *In re Crockett*, 3 B.R. 365, 366–67 (Bankr.N.D. Ill.1980).

Second, although 11 U.S.C. § 1322(b)(2) provides that a chapter 13 plan may modify the rights of holders of secured claims, the power to modify those rights is limited by the provisions of sections 1322(b)(5) and (c). Section 1322(c) specifically provides that the plan may not provide for payment of a claim over a period that is longer than five years. *See* 5 *Collier on Bankruptcy* ¶ 1322.15 (15th ed. 1988). Section 1322(b)(5), the only provision which permits long-term payment, allows modification of the rights of holders of secured claims only if the plan "provides[s] for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any ... secured claim on which the last payment is due after the date on which the final payment under the plan is due." *See In re Foster*, 61 B.R. 492, 494–95 (Bankr.N. D.Ind.1986); *Knez v. Bosteder (In re Bosteder)*, 59 B.R. 878, 883 (Bankr.S.D.Ohio 1986); *In re Hildebran*, 54 B.R. 585, 587 (Bankr.D.Or.1985); 5 *Collier on Bankruptcy* ¶ 1322.09 (15th ed. 1988). The debtors' plan proposes a long-term payout of Worthen's debt, a debt that matured prepetition. The court's statement in *In re Johnson*, 75 B.R. 927 (Bankr.N.D.Ohio 1987) is applicable here:

> Where a chapter 13 plan proposes to cure a pre-petition default in the performance of an obligation to make a balloon payment due under a financing device, it must be denied confirmation as an impermissible attempt to modify a contract.

*Id.* at 931. *See also Batt v. Fontaine (In re Fontaine)*, 27 B.R. 614, 614 (Bankr. 9th Cir.1982); *In re Hamilton*, 51 B.R. 550, 553 (Bankr.M.D.Fla.1985); *In re Seidel*, 31 B.R. 262, 264 (Bankr.D.Or.1983), *aff'd sub nom. Seidel v. Larson (In re Seidel)*, 752 F.2d 1382 (9th Cir.1985).

The debtors' plan may not be confirmed because of the violation of 11 U.S.C. § 1322(b)(5); therefore, a discussion of Worthen's objection under 11 U.S.C. § 1322(b)(2) is unnecessary. The objection to confirmation is sustained, and the debtors are granted twenty days to file a modified plan, motion to dismiss or motion to convert to chapter 7 or chapter 11.

IT IS SO ORDERED.

