**In the Matter of Ronald J. COOPER and Angelia D. Cooper, Debtors.**

**Bankruptcy No. GK 87–00873.**

United States Bankruptcy Court, W.D. Michigan.

March 22, 1989.

contract vendor, has fully matured after confirmation of the Debtors' plan. May the Debtors modify their chapter 13 plan and pay the required "balloon" payment over the remaining life of the plan? Is the land contract vendor entitled to relief from the automatic stay, for cause, because of the Debtors' failure to timely pay the land contract obligation in accordance with its terms?

## FACTS

On April 15, 1977, Christina J. Iannuzzi, ("Iannuzzi"), sold residential real property located at 816 Sunnock, Kalamazoo, Michigan, to Ronald J. Cooper and Angelia D. Cooper, his wife, ("Debtors"). The sale was effectuated by the use of land contract financing. This is a common method of financing the sale of real property in Michigan, especially when the buyer and seller are individuals or when the buyer finds it difficult to qualify for a mortgage loan from a bank or lending institution.

The sale price of the residence was $23,-500.00 and the Debtors made a downpayment of $2,350.00. The balance of the sale price was to be paid, together with interest at the rate of 9½% per annum, in monthly payments of $214.00. The contract matured on April 1, 1981. On that date, the Debtors were required to pay a balloon payment of the then principal balance plus any and all unpaid accrued interest.

The Debtors were unable to pay the land contract balloon payment as required by the contract. Iannuzzi commenced a forfeiture action to recover possession of the real property in accordance with Michigan law.[1] To settle the state court action, the Debtors and Iannuzzi entered into a second land contract on or about October 15, 1981. In that contract, the interest rate was increased to 11% per annum and the monthly payments were also increased. The second land contract required the Debtors to make a balloon payment of all unpaid principal and interest on October 15, 1988. The

Edward Read Barton, Allegan, Mich., for debtors.

Stephen L. Langeland, Kalamazoo, Mich., for Christina J. Iannuzzi.

## ISSUES

JAMES D. GREGG, Bankruptcy Judge.

In this chapter 13 case, an obligation owed by the Debtors, as land contract vendees, to Christina J. Iannuzzi, the land

---

**1.** See *In re Carr,* 52 B.R. 250, 251–53 (Bkrtcy.E. D.Mich.1985), for an excellent discussion by Judge Spector which summarizes the two alternative means to enforce a land contract obligation in Michigan, i.e., by an action for foreclosure or by forfeiture and summary proceedings.

Debtors substantially complied with the terms of that land contract. Although some required payments were not timely made, Iannuzzi did not again file an action in the state court to attempt to forfeit the contract.

On March 23, 1987, the Debtors filed their petition for relief under chapter 13 of the Bankruptcy Code.[2] On April 27, 1987, Iannuzzi filed two claims in the case. The first claim was for arrearages on the land contract which totaled $713.50. The second claim was in the amount of $18,095.80, the balance owed on the land contract as of the filing date. The second claim requested the Debtors to make future postpetition payments in accordance with the land contract. No objection to Iannuzzi's claims was filed. Pursuant to the chapter 13 trustee's motion, the court entered an order which allowed Iannuzzi's, as well as other creditors', claims.

The Debtors' chapter 13 plan provided they would remit $250.00 bi-weekly to the chapter 13 trustee, together with one-half of income tax refunds received, if any, for a period of sixty months. Iannuzzi's land contract arrearage claim would be paid, and the prepetition arrearages fully cured, on a priority payment basis. Under the plan, the trustee would continue to pay $315.00 per month to Iannuzzi in accordance with the land contract terms. No provision was made in the plan which attempted to modify the required October 15, 1988 land contract balloon payment obligation.[3] No party in interest objected to confirmation. On May 29, 1987, Chief Judge Laurence E. Howard signed the order which confirmed the Debtors' chapter 13 plan.

The Debtors failed to pay the required balloon payment to Iannuzzi on or before October 15, 1988. Iannuzzi then filed a motion for relief from the automatic stay, for cause, under 11 U.S.C. § 362(d)(1). The

Debtors, in their reply to Iannuzzi's motion, admitted that (1) the balloon payment had become due, (2) they owed a principal balance of $16,642.42 plus accrued interest, and (3) they failed to pay the balloon payment required by the land contract.

Ronald Cooper, one of the Debtors, testified the residence is now worth approximately $39,000. No evidence to the contrary was submitted by Iannuzzi. Therefore, the Debtors have equity in their home. The Debtors testified they were attempting to obtain alternate financing which would permit them to soon pay the land contract balance. Because Mr. Cooper had recently changed jobs, the Debtors asserted that refinancing of the land contract was not possible until Mr. Cooper's six-month probationary period with his new employer was completed.

A preliminary hearing respecting Iannuzzi's motion took place on November 18, 1988. The parties mutually agreed to adjourn the preliminary hearing to a final hearing on December 16, 1988. At that hearing, the court heard testimony and reviewed exhibits, including the land contracts, which were entered into evidence. The court also heard argument of counsel respecting the legal issues addressed below. At the conclusion of the hearing, the court took the matter under advisement based upon the Debtors continuing to make monthly payments previously required by the land contract; Iannuzzi agreed to accept such payments and also agreed the automatic stay would remain in effect pending the court's decision.[4]

## DISCUSSION AND CONCLUSION

Iannuzzi argues "cause" exists to modify the automatic stay because the Debtors have not paid the unaccelerated balloon payment which became due postconfirmation in accordance with the land contract. She asserts that the previous confirmation

---

2. The Bankruptcy Code, as amended, is set forth in 11 U.S.C. §§ 101–1330.

3. During argument, Iannuzzi's attorney asserted that it was agreed at the confirmation hearing that the Debtors would timely make the balloon payment notwithstanding any confirmation of

the plan. No proofs were submitted regarding this assertion.

4. This action was taken because the court believed it would be unable to render a written opinion within thirty days of the commencement of the final hearing. B.R. 4001(a)(2).

of the chapter 13 plan did not, and could not, modify her right to receive the balloon payment because her claim is "secured only by a security interest in real property that is the [debtors'] principal residence". 11 U.S.C. § 1322(b)(2).[5] The Debtors argue that modification of the land contract is not prohibited by Section 1322(b)(2) because that section only applies to claims secured by mortgages. The Debtors argue that they may "cure" their failure to timely make their postpetition balloon payment by now modifying their plan and "stretching-out" the balance on their land contract obligation until completion of their confirmed plan. 11 U.S.C. § 1329(a).[6] The Debtors assert that such a plan modification will give them sufficient time to refinance the land contract. In response, Iannuzzi argues that the Debtors' rights to modify their confirmed plan are limited to the rights the Debtors had in proposing their original plan. 11 U.S.C. § 1329(b). Iannuzzi asserts that, because the Debtors' original plan could not extend the time to pay an unaccelerated balloon payment, no proposed modified plan can now extend the time.

In Michigan, a land contract is not an executory contract. Rather, it is in the nature of a lien on, or security interest respecting, the real property to secure payment of the purchase price. *In the Matter of Alpha Creamery Co.*, Case No. 29,264–B, slip op. at 6 (Bkrtcy.W.D.Mich. October 17, 1968) (old Act case decided under § 70b) ("Under Michigan law a land contract creates a property interest and the vendee is regarded as the equitable owner of the premises entitled to possession with the vendor holding title merely as security for payment of the purchase price."); *In re Britton*, 43 B.R. 605, 607 (Bkrtcy.E.D.Mich.1984); *In re Carr*, 52 B.R. 250, 253 (Bkrtcy.E.D.Mich.1985). For purposes of construing statutory provisions in the Bankruptcy Code, land contract interests should be treated similarly to mortgage interests. *Cf. In re Carr*, 52 B.R. at 260 (noting the parallelism between mortgage foreclosures and land contract forfeitures under Michigan law). In bankruptcy cases, by considering land contracts as being akin to mortgages, it is much less likely that persons who enter into land contract agreements will receive disparate treatment under the Bankruptcy Code.

■ This court rejects the Debtors' argument that 11 U.S.C. § 1322(b)(2) applies only to mortgages. Pursuant to 11 U.S.C. §§ 101(33) and (45), a "security interest" includes both mortgages and land contracts. Therefore, within the meaning of Section 1322(b)(2), treatment of "a claim secured only by a security interest in real

---

**5.** Iannuzzi does *not* argue that her other claim for arrearages in the amount of $713.50 could not be cured by the Debtors' chapter 13 plan. 11 U.S.C. §§ 1322(b)(3) and (5); *In re Seidel*, 31 B.R. 262, 264 (Bkrtcy.Ore.1983) ("If the final balloon payment, for example, will become due within one year of the date of the filing of the bankruptcy petition, the plan may provide for curing of prepetition defaults but must also provide maintenance of future payments as provided in the agreement...."), *aff'd Seidel v. Larson (In re Seidel)*, 752 F.2d 1382 (9th Cir.1985); *cf. Cardinal Federal Sav. & Loan Ass'n v. Colegrove (In re Colegrove)*, 771 F.2d 119, 122 (6th Cir.1985) (interest required to be paid on cure of mortgage arrearage under chapter 13 plan); *Federal Land Bank of Louisville v. Glenn (In re Glenn)*, 760 F.2d 1428 (6th Cir.1985), *cert. denied*, 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985) (mortgage defaults may be cured in chapter 13 even after judgment of foreclosure provided no sale has occurred); *In re Carr*, 52 B.R. 250 (Bkrtcy.E.D.Mich.1985) (in Michigan, land contract defaults may be cured in chapter 13 after judgment of forfeiture provided redemption period has not expired); *Federal Nat'l Ass'n v. Wallace (In re Wallace)*, 33 B.R. 29 (Bkrtcy.W.D.Mich.1983) (automatic stay remains in effect while debtor cures mortgage arrearages under chapter 13 plan); *In re Stratton*, 30 B.R. 44 (Bkrtcy.W.D.Mich.1983) (creditor entitled to interest on mortgage arrearages paid under chapter 13 plan). In this case, Iannuzzi has received payments from the Trustee on her arrearage claim. Her arrearage claim has been fully paid and all prepetition arrearages have been cured within a reasonable time.

**6.** In a brief addressed to the court and opposing counsel, the Debtors' former attorney acknowledges the necessity of a formal plan amendment. At the hearing, the Debtors' attorney stated his intention to file a modified plan. On January 3, 1989, the Debtors filed an Amendment to the Plan which stated, "The Plan is amended so as to pay off the Land Contract during the life of the Plan so as to comply with 1322(b)(5) (sic)."

297

property that is the debtor's principal residence" applies with equal force to mortgages and land contracts.

■ In a chapter 13 case, when a claim is secured only by a mortgage or land contract respecting the debtor's principal residence, generally the debtor may not delay payment of an unaccelerated debt that has naturally matured prior to the filing of the case.[7] *Seidel v. Larson (In re Seidel),* 752 F.2d 1382, 1385 (9th Cir.1985) (11 U.S.C. § 1322(b)(2) "bars a home mortgagor from delaying payment of an already-matured debt."); *Batt v. Fontaine (In re Fontaine),* 27 B.R. 614, 615 (Bkrtcy. 9th Cir.1982) (chapter 13 debtor may not cure prepetition balloon payment default under 11 U.S.C. § 1322(b)(5)); *In re Davis,* 91 B.R. 477, 481 (Bkrtcy.N.D.Ill.1988) (chapter 13 debtors' "attempt to extend their obligation to the Bank past the date originally contemplated and agreed to by the parties is a modification of their home mortgage and note which is prohibited under the Bankruptcy Code, 11 U.S.C. § 1322(b)(2), and is not a permitted cure under § 1322(b)(5)."); *In re Hemsing,* 75 B.R. 689, 691–92 (Bkrtcy.D.Mont.1987) (chapter 13 plan which sought to modify second mortgagee's debt which had already matured in accordance with mortgage prohibited under 11 U.S.C. § 1322(b)(2)); *In re Johnson,* 75 B.R. 927, 931 (Bkrtcy.N.D. Ohio 1987) (balloon payment maturing prepetition in accordance with land contract regarding debtor's residence may not be cured by periodic payments over 48 months in proposed chapter 13 plan; the only permissible "cure" is an immediate lump sum payment); *In re Schilling,* 64 B.R. 319, 320 (Bkrtcy.D.Nev.1986) (cure of claim secured solely by chapter 13 debtor's principal residence is permitted under 11 U.S.C. § 1322(b)(5) only when debt has been accelerated prepetition; cure is not available in chapter 13 when debt has matured naturally, without acceleration, prepetition); *Knez v. Bosteder (In the Matter of Bosteder),* 59 B.R. 878, 883 (Bkrtcy.S.D.Ohio 1986) (prepetition defaults involving balloon payments cannot be cured under 11 U.S.C. § 1322(b)(5) when claim is solely secured by mortgage on debtor's principal residence); *In re Palazzolo,* 55 B.R. 17, 18 (Bkrtcy.E. D.N.Y.1985) (chapter 13 does not permit debtors to create five-year mortgage from eighteen-month mortgage respecting residential property when mortgage was due in accordance with its own terms nearly three years prior to filing of petition; modification of mortgage is prohibited under 11 U.S.C. § 1322(b)(2)); *In the Matter of Hamilton,* 51 B.R. 550, 553 (Bkrtcy.M.D. Fla.1985) (mortgage on chapter 13 debtor's principal residence which fully matured by its own terms prepetition is not a "long term debt" which can be cured under 11 U.S.C. § 1322(b)(5)); *In re Maloney,* 36 B.R. 876, 878 (Bkrtcy.D.N.H.1984) (chapter 13 plan cannot resurrect and reschedule payments respecting mortgage debt that matured by its own terms prior to filing of case); *contra Blinde v. Spader (In re Spader),* 66 B.R. 618 (W.D.Mo.1986); *Larkins v. Commercial Bank of Dawson (In re Larkins),* 50 B.R. 984 (W.D.Ky.1985); *Capital Resources Corp. v. McSorley (In re McSorley),* 24 B.R. 795 (Bkrtcy.D.N.J. 1982). Likewise, when such a debt naturally matures after filing of a chapter 13 case, and a balloon payment is required, the debtor may not delay making the required payment or otherwise unilaterally modify the obligation. *Western Equities, Inc. v. Harlan (In re Harlan),* 783 F.2d 839 (9th Cir.1986) (note and mortgage which matured in accordance with their own terms after confirmation of debtor's plan could not have been modified by chapter 13 confirmation because of 11 U.S.C. § 1322(b)(2));

---

7. The court notes there exists an exception to this rule in instances when 11 U.S.C. § 108(b) is applicable. *Federal Land Bank of Louisville v. Glenn (In re Glenn),* 760 F.2d 1428 (6th Cir. 1985), *cert. denied,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985); *Goldberg v. Tynan (In re Tynan),* 773 F.2d 177 (7th Cir.1985); *Johnson v. First Nat'l Bank of Montevideo, Minnesota,* 719 F.2d 270 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *Young v. United States (In re Young),* 48 B.R. 678 (Bkrtcy.E.D.Mich.1985); *First Fed. Sav. and Loan Ass'n of Oakland v. Rutterbush (In re Rutterbush),* 34 B.R. 101 (Bkrtcy.E.D.Mich.1982); *In re Owens,* 27 B.R. 946 (Bkrtcy.E.D.Mich. 1983); *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (E.D.Mich.1981). Under the facts in this case, 11 U.S.C. § 108(b) is inapposite.

*In re Sennhenn,* 80 B.R. 89, 91 (Bkrtcy. N.D.Ohio 1987), *aff'd,* 80 B.R. 93 (N.D.Ohio 1987) (chapter 13 debtor's attempt to unilaterally delay postpetition balloon payment on land contract is impermissible under 11 U.S.C. § 1322(b)(2)); *contra In re Simpkins,* 16 B.R. 956, 967 (Bkrtcy.E.D.Tenn. 1982) (cure of 90–day note in the amount of $957.00 secured solely by mortgage in debtor's principal residence which matured after filing of chapter 13 petition but before confirmation of plan could be cured because "debt is technically within the special protection of § 1322(b)(2) but is outside its intended scope.").

This court believes that the reasoning of the numerous cases which prohibit modification of naturally maturing debts secured solely by a debtor's principal residence are compelling. The majority cases are consonant with language of the Bankruptcy Code. The majority cases all recognize, either explicitly or implicitly, the difference between a permissible "cure" under 11 U.S. C. §§ 1322(b)(3) and (5) and a prohibited "modification" under 11 U.S.C. § 1322(b)(2). *See, e.g., Knez v. Bosteder (In the Matter of Bosteder),* 59 B.R. at 883. This court agrees that

> "the plain meaning of 'cure,' as used in § 1322(b)(3) and (5), is to remedy or rectify the default and restore matters to the *status quo ante." [In Matter of] Clark,* 738 F.2d [869] at 872 [7th Cir.1984]; *[In re] Taddeo,* 685 F.2d [24] at 26–27 [2nd Cir.1982]. When a debt has been accelerated, "cure" therefore results in the reinstatement of the original payment terms of the debt. But when a debt has already naturally matured—as in Seidel's case—"cure" as defined by these courts cannot aid the debtor, since reinstatement of the original terms of the debt will merely make the debt immediately due and payable.

*In re Seidel,* 752 F.2d at 1386.

This court believes there is a legal distinction between those debts secured solely by a security interest in the debtor's principal residence which mature by acceleration and those which mature merely by the passage of time. When an accelerated mortgage or land contract debt is deaccelerated and reinstated in accordance with its original terms, a modification does not occur.

The term "modify" is not defined in the Code. However, it is commonly understood to mean a change in kind, degree or amount. Indeed, *Webster's Third International Dictionary of The English Language* (Unabridged 1976), at 1452, defines the term modify as "to make basic or important changes in". In the present case, the debtor does not propose to make any basic changes in the terms of the mortgage. The Plan does not propose to lower the monthly payments to Waterfield. It does not intend to stretch out the period of the payments or to make the obligation conditional. To the contrary, the debtor proposes to reinstitute the contract as it was originally formed, albeit with a minor delay in the payment in the arrearages. To say that this would "modify" Waterfield's rights would be to stretch this word beyond its commonly understood meaning. (footnotes omitted)

*In re Gwinn,* 34 B.R. 936, 944–45 (Bkrtcy. S.D.Ohio 1983). To the contrary, when a debt naturally matures by time and a balloon payment is owed in accordance with the mortgage or land contract, there is no payment schedule to reinstate. Allowing additional time to make the balloon payment is a modification. This court therefore rejects those cases which reason that a modification does not occur when a balloon payment is unilaterally extended and a new nonconsensual payment schedule is imposed, even when the creditor will receive the present value of his claim. *See, e.g., In re Spader,* 66 B.R. at 622–23.

The Debtors argue that a recent unreported appellate decision in this district supports their argument that they may unilaterally stretch out the required land contract balloon payment. In *Citizens Trust & Sav. Bank v. Schafer (In re Schafer),* 99 B.R. 352 (W.D.Mich.1989), Judge Enslen held that a short-term mortgage obligation could not be amortized over a twenty-year period under a chapter 13 plan. Pursuant

to 11 U.S.C. § 1322(b)(5) and § 1322(c), the district court held the mortgage obligation, which fully matured before the filing of the chapter 13 case, must be fully paid within the life of the plan. The holding of *Citizens Trust* is not applicable to this case because the mortgage in *Citizens Trust* involved pasture land which did *not* constitute the debtor's principal residence; therefore, 11 U.S.C. § 1322(b)(2) was not addressed by the district court.

 Any modified chapter 13 plan must meet all chapter 13 confirmation requirements. 11 U.S.C. § 1329(b)(1). A debtor's ability to modify a confirmed plan is concomitant with the debtor's ability to confirm his original plan. "A bankruptcy court should not create additional property rights or remedies in favor of a debtor (or any other party in interest) where such rights do not exist outside of bankruptcy law *unless* such rights and remedies are statutorily authorized under the Bankruptcy Code." *Schewe v. Fairview Estates (In re Schewe)*, 94 B.R. 938, 949–50, (Bkrtcy.W. D.Mich.1989) (emphasis in original). Because the Debtors were unable to modify the land contract balloon payment requirement in their original plan, this court will not permit them to affect Iannuzzi's right to receive the balloon payment in any proposed modified plan.

Iannuzzi has requested that the automatic stay imposed by 11 U.S.C. § 362 be modified because of the Debtors' failure to pay the postpetition land contract balloon payment. She asserts such failure constitutes "cause" which warrants modification of the automatic stay. 11 U.S.C. § 362(d)(1). Although "cause" for automatic stay relief is not defined by the Bankruptcy Code, reported cases have addressed what may constitute such "cause". See, e.g., *In re Schewe*, 94 B.R. at 949.

 When a debtor fails to pay an unaccelerated debt which has naturally matured in accordance with the terms of a mortgage or land contract obligation, "cause" may exist to modify the automatic stay. *In re Harlan*, 783 F.2d at 841; *In re Fontaine*, 27 B.R. at 615; *In re Davis*, 91 B.R. at 482; *In re Sennhenn*, 80 B.R. at 93; *In re Bosteder*, 59 B.R. at 884. This court recognizes that this holding may impose a hardship upon some debtors, especially in those instances when a debtor has equity in residential property. Even though this court is sympathetic to debtors who may lose their residences (and perhaps lose their equity if they are unable to obtain refinancing or sell their residence before the redemption period expires), this court cannot intellectually justify imposing its own views of "equity" or "fairness" to rationalize a different legal result than is required pursuant to applicable chapter 13 provisions of the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, ——, 108 S.Ct. 963, 968–69, 99 L.Ed.2d 169 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."); *In re Schewe*, 94 B.R. at 950.

Approval of the proposed plan modification is denied. The automatic stay is modified to forthwith permit Iannuzzi to assert her rights under the land contract according to Michigan law in the appropriate state court. An order shall be entered which comports with this opinion.