**In re William Elwyn RISSER and Kathy Louise Risser, Debtors.**

**LOS ANGELES TITLE AND TRUST DEED COMPANY, A California corporation, Union Home Loans, dba Western Loan Services, a California corporation, and Joseph Immordino and Antoinette Immordino, husband and wife, and Elise R. Douat, Plaintiffs,**

v.

**William Elwyn RISSER and Kathy Louise Risser, Debtors, and Harry Heid, Trustee, Defendants.**

**Bankruptcy No. 82–00011–M13.**

**Adv. No. C82–0952–M13.**

United States Bankruptcy Court, S. D. California.

Sept. 2, 1982.

H. Brian Todd, of Wiles, Circuit & Tremblay, La Jolla, Cal., for plaintiff.

Robert Shanner, for Ralph E. Garner, San Diego, Cal., for debtors.

Harry W. Heid, San Diego, Cal., trustee.

MEMORANDUM OF OPINION

ROSS M. PYLE, Bankruptcy Judge.

FACTS

This adversary proceeding for relief from stay came on regularly for trial on August

25, 1982, at which time the court announced its decision. This opinion is written to explain the oral decision announced at trial upon the legal issue raised by Plaintiff as to the invalidity of the Debtors' Chapter 13 Plan constituting "cause" for relief from the automatic stay of 11 U.S.C. § 362.

The Debtors filed a petition for relief under Chapter 13 on January 4, 1982, Case No. 82–00011–M13. The petition was accompanied by a statement of affairs and a Chapter 13 plan. The plan was confirmed on February 11, 1982. No objections to the plan were filed, and there were no appearances in opposition to the plan at the confirmation hearing.

The statement of affairs listed the Debtor's residence as an asset valued at $70,000, and encumbered by trust deeds totaling $42,500. Plaintiff, Los Angeles Title and Trust Deed Company, (L.A. Title), is the trustee under the second and third deeds of trust. The total amount owing on the second trust deed is approximately $6,532. The total amount now owing on the third trust deed is approximately $23,841. The second trust deed becomes all due and payable in October, 1984. The third trust deed becomes all due and payable in October, 1983.

The Debtor's plan sets the amount of pre-petition arrearages on the second trust deed at $558.75, and proposes to pay $16 per month on the arrearages until paid in full. It will take 35 months to pay the arrearages on the second trust deed. The plan sets the arrearages on the third trust deed at $3,100 and proposes to pay $87 per month. It will take 36 months to pay the arrearages on the third trust deed.

Under the terms of the plan confirmed on February 11, 1982, neither of the subject trust deeds will be paid in full by the time of their respective due dates.

### DISCUSSION

At the preliminary hearing on the relief from stay complaint, L.A. Title argued that § 1322(b)(2) prohibits Debtor Risser from modifying L.A. Title's rights because it is secured solely by an interest in the Debtor's principal residence.[1] L.A. Title argues that the only exception to § 1322(b)(2), found in § 1322(b)(5), is not applicable in the instant proceeding. Section 1322(b)(5) states:

> notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due....

The provisions of the plan which deal with L.A. Title's claims clearly do not comply with § 1322(b)(5). Neither of the obligations to L.A. Title will be paid in full through the plan prior to the due dates on the underlying promissory notes.

L.A. Title would have this Court declare the plan a nullity because it does not comply with § 1322(b)(5). However, no evidence that the plan did not comply with § 1322(b)(5) was introduced at the confirmation hearing and the plan was confirmed without objection. Nothing in the file or at that hearing alerted the Court to the early due dates on the Plaintiff's notes. The question now presented is whether this creditor is bound by the provisions of the confirmed plan pursuant to § 1327(a).[2]

---

1. L.A. Title argued that § 1322(b)(5) is unavailable to the Debtor because the curing of the default herein would constitute the modification of the rights of a creditor secured by the Debtor's principal residence which is prohibited by subsection (b)(2). In the recent case of *In re Taddeo,* 685 F.2d 24 (2d Cir. 1982), the Second Circuit "[did] not read 'curing defaults' under (b)(3) or 'curing defaults and maintaining payments' under (b)(5) to be *modification* of claims." *Id.* at 27. *Taddeo,* however, did not involve a Debtor who attempted, by way of a Chapter 13 plan, to extend payments on the secured obligation past the due date on the note.

2. This Court has recently held that an oversecured creditor who fails to request a § 506(b) hearing prior to confirmation is bound by the plan and must accept the interest rate provided therein. *See Western Thrift and Loan Assoc. v. Blair,* 21 B.R. 316 (Bkrtcy. S.D. Cal. 1982).

The Debtors argue that L.A. Title cannot prevail on its § 362 complaint because it, like all other creditors, is bound by the confirmed plan. 11 U.S.C. § 1327(a). The Debtors contend that any objection to the plan should have been raised at the confirmation hearing as provided by § 1324. Section 1324 provides that "[a] party in interest may object to the confirmation of the plan."

Section 1327(a) states:

"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

That language is sufficient to put all creditors on notice that objections to the plan must be made prior to confirmation. When § 1327 is read together with the provision for objecting to the plan in § 1324, it is clear that § 1327(a) binds all creditors after the confirmation order is entered. L.A. Title, in addition to notice of the statutory provisions, received actual notice of the terms of the plan prior to confirmation. The notice of the confirmation hearing sent to all creditors specified that, under the plan as proposed, L.A. Title was to receive $16 per month on the second trust deed, and $87 per month on the third trust deed.

■ The Debtors now concede that their plan does not comply with § 1322(b)(5). Had the Court been aware of this defect at the time of confirmation, it is unlikely the plan would have been confirmed. However, the mandatory language of § 1325(a)[3] allows the court no discretion. Where the plan appears to satisfy the requisites of § 1325(a) and no evidence to the contrary is presented, the Court must confirm it. Once confirmed the plan is binding on all parties by virtue of § 1327(a).

Under the circumstances presented in this case the Court finds no reason to allow L.A. Title to avoid the binding effect of § 1327.

L.A. Title has attacked the plan in the context of a complaint for relief from stay "for cause" pursuant to 11 U.S.C. § 362(d)(1). However, once the plan is confirmed a § 362 complaint is not, in most cases, the proper procedural vehicle for attacking the plan.[4] Absent a direct successful attack of the plan, L.A. Title and all other creditors are bound by its terms. Therefore, any request for relief from stay, other than one based upon post-confirmation events, must be denied.

The only parties usually noticed in a Chapter 13 relief from stay proceeding are

---

3. Section 1325(a) states:
   (a) The court shall confirm a plan if—
   (1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;
   (2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;
   (3) the plan has been proposed in good faith and not by any means forbidden by law;
   (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
   (5) with respect to each allowed secured claim provided for by the plan—
   (A) the holder of such claim has accepted the plan;
   (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

   (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such holder; and
   (C) the debtor surrenders the property securing such claim to such holder; and
   (6) the debtor will be able to make all payments under the plan and to comply with the plan.

4. It should be noted that in an appropriate case a § 362 complaint might be a proper means to attack a Chapter 13 plan. For example where the Chapter 13 debtor has only one creditor, the holder of a secured claim on the debtor's principal residence, the relief from stay complaint will suffice to bring all parties before the Court. In such a case the plan which does not comply with § 1322(b)(5) may supply cause for relief under § 362(d)(1). In the instant case the creditor body consists mainly of secured creditors, still these creditors are entitled to notice of any court proceeding which might adversely impact on them.

the Debtor and the Trustee. The relief sought by L.A. Title may affect *all* creditors, and all creditors, therefore, should receive notice.[5]

## CONCLUSION

The foregoing shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752 as to the "For Cause" issue raised by Plaintiff. A partial Summary Judgment shall be prepared by Debtors' counsel within ten (10) days. The remaining evidentiary matters shall be continued at the request of the parties for further hearing on September 14, 1982, at 2:00 P.M. o'clock in Department No. 2, in the interim, the automatic stay of 11 U.S.C. § 362 shall remain in effect.

---

5. The more obvious procedural vehicles for attacking the Order of Confirmation, with notice to all parties, are: appeal; a Bankruptcy Rule 923 motion for reconsideration of the confirmation order; a motion to dismiss the Chapter 13 case for cause under 11 U.S.C. § 1307; or, where supported by the facts, a motion to revoke the order of confirmation on the ground of fraud pursuant to 11 U.S.C. § 1330.