*840
 
 PER CURIAM:
 

 Western Equities, Inc. appeals the district court’s judgment affirming the bankruptcy judge’s denial of its motion for relief from the automatic stay provisions of 11 U.S.C. § 362. We reverse the decision of the district court.
 

 Western Equities, Inc., is trustee under a deed of trust on appellee’s residence. Ap-pellee, Charlene Harlan, filed a Chapter 13 plan which the bankruptcy court confirmed without objection. She subsequently failed to make a balloon payment that became due under the deed of trust. Western Equities sought to lift the automatic stay so that it could foreclose on her residence. It relied on the statutory bar to a Chapter 13 modification of a claim secured by the debt- or’s residence. 11 U.S.C. § 1322(b)(2). Both the bankruptcy court and the district court denied relief, however, in reliance on cases holding that once a plan is confirmed, creditors are barred from obtaining relief from a stay absent post-confirmation default in payments required under the plan.
 
 In Re Evans,
 
 30 B.R. 530 (Bankr. 9th Cir. 1983);
 
 In Re Risser,
 
 22 B.R. 868 (Bankr.S.D.Cal.1982). We reverse because in this case, unlike those cases, the plan itself did not reveal that the appellee intended to disregard the terms of the note, and appel-lee’s default was outside the terms of the plan. There was, accordingly, no reason for the creditor in this case to object to the plan before its confirmation. The requirements of section 1322(b)(2), designed to ensure that residential debt obligations are met, cannot be enforced in such circumstances unless relief from the automatic stay is granted.
 

 The background to this dispute is as follows. Charlene Harlan filed a petition for relief under 11 U.S.C. Chapter 13 in February 1983. Her petition stated that, among other debts, she owed $59,000 to Alameda First National Bank under a first deed of trust on her home, payable at $517 per month. She also listed a $30,000 debt owed to Pan American Mortgage Company, secured by a second deed of trust on her home, payable at $350 per month. Appellant Western Equities is the trustee under Pan American’s deed of trust. In addition, she owed Pan American $4,665.44 on a loan used to pay her homeowner’s association dues, and she was already in default on those payments. The Chapter 13 plan as confirmed by the bankruptcy court required Harlan to make monthly payments to the bankruptcy trustee of $166 for a period of 60 months. Pan American was listed as a secured creditor for the amount of $4,665.44 only. The plan was silent as to the deeds of trust.
 

 The promissory note that was secured by the second deed of trust became due in full on August 10,1983, after the plan had been confirmed. Under the terms of the note, Harlan owed a maturity payment of $30,-000, and she failed to pay. The confirmed Chapter 13 plan, of course, had not mentioned this balloon payment obligation. In October 1983, Western Equities filed a motion for relief from the automatic stay. The bankruptcy judge denied appellant’s motion because the plan had been duly confirmed, and held that appellant was bound by the plan’s provisions under 11 U.S.C. § 1327(a), which makes a confirmed plan binding on creditors.
 

 The Bankruptcy Code also provides, however, that a plan may not modify a claim secured only by a security interest in real property that is the debtor’s principal residence. 11 U.S.C. § 1322(b)(2). Pan American’s promissory note was secured by Harlan’s principal residence. Thus, the plan could not modify the terms of the promissory note, which required that Harlan pay $30,000 on August 10, 1983. As our circuit recently concluded, “postponing payment of the debt beyond the time originally contemplated by the parties to the contract ... clearly amounts to a ‘modification’ ” barred by section 1322(b)(2).
 
 In Re Seidel,
 
 752 F.2d 1382, 1384 (9th Cir.1985) (holding that section 1322(b)(2) bars a home mortgagor from delaying payment of an already matured debt).
 

 Harlan’s petition itself indicated that Harlan intended to pay, outside the plan, the debts secured by the first and
 
 *841
 
 second deeds of trust on her home. The petition form requires the petitioner to give “estimated average future monthly expenses ...,
 
 not including debts to be paid under the plan
 
 ” (emphasis added). Harlan listed $867 as a mortgage payment under this section. This amount clearly reflects the $517 per month owed on the first deed of trust and the $350 per month owed on the second deed of trust. Thus, payments on the notes secured by the deeds of trust were not intended to be included in the plan.
 

 Appellee contends that the reasoning of
 
 In Re Risser,
 
 22 B.R. 868 (Bankr.S.D.Cal.1982), bars relief in this case. But in
 
 Ris-ser,
 
 the plan was defective on its face because it did not make adequate provision to pay arrearages due on a residential debt. The court concluded that the creditor should have made a timely objection. Similarly, in
 
 In Re Evans,
 
 30 B.R. 530 (Bankr.9th Cir.1983), the creditors, prior to confirmation, had full knowledge of the debtors’ lack of equity which was the basis for the post-confirmation motion for relief. In this case, there was no apparent defect to which objection could have been made prior to confirmation.
 

 Appellant is entitled to relief from the automatic stay of section 362 in order to assert rights under the promissory noté secured by the second deed of trust to appellee’s residence. The plan could not lawfully modify these rights, 11 U.S.C. § 1322(b)(2), and in the circumstances of this case, appellant could not have acted earlier to protect them.
 

 REVERSED.