**In the Matter of David Ralph WALKER, Debtor.**

**Bankruptcy No. 90–02115.**

United States Bankruptcy Court, D. Idaho.

July 1, 1991.

Kay R. Jones, Byington, Holloway, Whipple & Jones, Burley, Idaho, for Debtor.

Jay D. Sudweeks, May & May, Twin Falls, Idaho, for Key Bank.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Bankruptcy Judge.

### Background and Facts

In this matter, the Court is asked to reconcile the competing policies of two provisions of Chapter 13 of the Bankruptcy Code. The facts are undisputed.

Debtor had two secured loans with creditor Key Bank. When he filed for Chapter 13 relief in July of 1990, he proposed a plan which contained provisions for modification of the terms of both loans, one secured by a vehicle and the other secured by his home. In subsequent negotiations, Key Bank and Debtor's counsel agreed to changes regarding treatment of the car loan. The home loan was not mentioned.

As to the mortgage debt, Debtor owed the Bank another 26 monthly payments of about $450 each on the obligation. Debtor proposed in his plan to restructure the loan

over 36 months, thereby reducing monthly payments to about $300. Debtor made no provision for payment of interest on this claim.

A copy of the Amended Plan containing the agreed changes in treatment of the car loan, but containing the original proposal for payment of the home loan, was served on the Bank, along with notice of the confirmation hearing. The Bank did not object to confirmation of the plan and did not appear at the hearing. The Amended Plan was confirmed, with certain changes to provisions not affecting the Bank, on September 5, 1991. Creditor did not appeal the order confirming the plan.

On March 1, 1991, the Bank filed a Motion for Relief from Stay[1] alleging as grounds that Debtor had defaulted under the original terms of the mortgage. Debtor has objected to stay relief on the basis that the Bank is bound by the terms of his plan and that he is current on his plan payments.

### Discussion

Key Bank contends that the modifications to its mortgage note contained in the confirmed plan were "illegal" and prohibited by Section 1322(b)(2) which allows restructuring of secured claims except "a claim secured only by a security interest in real property that is the debtor's principal residence...." 11 U.S.C. § 1322(b)(2). Debtor contends that the Bank's motion is actually a collateral attack on the confirmation order, and that under Section 1327(a) "[t]he provisions of a confirmed plan bind the debtor and each creditor ... whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). There are compelling arguments for each side.

Section 1322(b)[2] makes it clear that other than allowing for a cure of defaults over a

---

1. Key Bank previously filed a Motion to Modify Plan, asking that the plan be modified to provide for interest on its claim secured by the mortgage. Debtor objected to the motion and the Bank did not pursue it to a hearing.

2. Section 1322(a) specifies what terms a Chapter 13 plan *shall* include. Section 1322(b) lists the provisions the plan is *permitted* to contain. While subsection (a) is applicable, therefore, to all plans, subsection (b) is only effective as to plans containing the types of provisions described in the statute.

reasonable time, 11 U.S.C. § 1322(b)(5), the terms of a home mortgage may not be restructured under a plan. As succinctly stated earlier by this Court:

> [Section 1322(b)(2)] is a simple and straight-forward statute. For whatever reason, Congress has seen fit to give special protection in Chapter 13 to those who make loans to purchase homes.

*In re Hall,* 89 I.B.C.R. 56, 58; *see also In re Packer,* 91 I.B.C.R. 35, and *In re Moffett,* 84 I.B.C.R. 31.

The policy adopted by Congress in this provision cannot be lightly regarded. It is obvious that the provision modifying the amount of the monthly mortgage payment to the Bank, as well as deleting any interest on the obligation, is a violation of Section 1322(b)(2) and that the plan could not be confirmed if such a defect were brought to the attention of the Court. *See* 11 U.S.C. § 1325(a)(1) requiring, as a condition of confirmation, that a proposed plan comply with the applicable provisions of Chapter 13.

The Court must also, however, consider the implications of Section 1327(a), which provides for the finality of confirmation orders. Once again, this Court has recognized the policy of the statute. *See In re Varela,* 85 I.B.C.R. 10 ("The order of confirmation is res judicata as to all justiciable matters which were, or could have been, decided at the hearing on confirmation."). As Collier has expressed:

> The purpose of section 1327(a) is the same as the purpose served by the general doctrine of res judicata. There must be finality to a confirmation order so that all parties may rely upon it without concern that actions which they may thereafter take could be upset because of a later change or revocation of the order.
>
> . . . .
>
> It is quite clear that the binding effect of a chapter 13 plan extends to any issue actually litigated by the parties and any issue necessarily determined by the confirmation order, *including whether the plan complies with sections 1322 and 1325 of the Bankruptcy Code.* For example, a creditor may not after confirmation assert that the plan ... is otherwise inconsistent with the Code in violation of section 1322(b)(10) or section 1325(a)(1).

5 L. King, Collier on Bankruptcy, ¶ 1327.01[1] (15th ed. 1990) (emphasis added). The Collier article cites for support of its statement *In re Gregory,* 19 B.R. 668 (9th Cir.B.A.P.1982) *aff'd,* 705 F.2d 1118 (9th Cir.1983). *Gregory* involved an attempt to collaterally attack a confirmed plan on the basis that the plan was not proposed in good faith since it was a "zero payment" plan. The creditor's arguments were rejected at all stages of the case, with the Court of Appeals commenting that when a creditor receives notice of the initiation of a Chapter 13 case by its debtor, "it is under constructive or inquiry notice that its claim may be affected, and it ignores the proceedings to which the notice refers at its peril." 705 F.2d at 1123. *See also In re Evans,* 30 B.R. 530, 532 (9th Cir.B.A.P. 1983) ("Section 1327 is clear and means what it says. It applies to each creditor, including those holding notes secured by deeds of trust on the debtor's principal place of residence."); *In re Rathe,* 90 I.B. C.R. 134, 136.

Key Bank relies heavily for authority on *In re Harlan,* 783 F.2d 839 (9th Cir.1986). In that case, a Chapter 13 plan, confirmed without objection, was silent as to the proposed treatment of a trust deed on debtor's residence. When she failed to pay a balloon payment on the note, the creditor sought stay relief in order to foreclose. The Court of Appeals held for the creditor, distinguishing cases like *Evans, supra,* because:

> in this case, unlike those cases, the plan itself did not reveal that the [debtor] intended to disregard the terms of the note, and [debtor's] default was outside the terms of the plan. There was, accordingly, no reason for the creditor in this case to object to the plan before its confirmation.
>
> . . . .
>
> The plan could not lawfully modify [creditor's] rights, 11 U.S.C. § 1322(b)(2), and in the circumstances of this case, [credi-

tor] could not have acted earlier to protect them. 783 F.2d at 841. Obviously, *Harlan* is distinguishable from the present action. Here there can be no doubt that the plan clearly and conspicuously advised the Bank of the intention to modify the terms of the note and mortgage, and through the confirmation process, gave the creditor an immediate opportunity to protest the proposed treatment, which for reasons not known to the Court it failed to do.

 The Code and Rules require that a debtor notify his creditors of his intentions through appropriate service of the plan and hearing notices. *See* 11 U.S.C. § 1324; B.R. 2002(b), 3015; L.B.R. 313(a). Once the debtor has satisfied this duty, the creditor bears the burden of taking affirmative steps to evaluate, advance, and protect its rights. *In re Davis*, 90 I.B.C.R. 50, 52. The rule is, simply, that the acceptance of the provisions of a plan by a creditor is inferred from the absence of a timely objection. *In re Szostek*, 886 F.2d 1405, 1413 (3rd Cir.1989).[3]

Because Chapter 13 was designed to grant maximum flexibility to the parties in fashioning the terms of an acceptable repayment plan, *See* S.Rep. No. 989, 95th Cong., 2d Sess. 141 (1978) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5927, neither the Trustee nor the Court should be expected to independently review individual provisions made for secured creditors who have received proper notice of the proceedings and who do not object. It is not contrary to the law, for a variety of practical or strategic reasons, for a creditor to stipulate or consent to be treated in a manner not technically as stringent as required in the Code.

### Conclusion

In summary, while the policy in favor of protecting the rights of mortgage lenders granted by the Code is sound, it must under these facts give way to the wisdom of promoting the finality of the Court's confirmation order. Under this approach, there is a potential that an unsophisticated mortgage lender may inadvertently lose valuable rights extended by the Code because of its inaction. However, if confirmed plans could be routinely upset by late-filed objections to claim treatment, Chapter 13 would certainly become a toothless tiger.

Since Debtor is not alleged to be delinquent in his plan payments, the Court finds no other cause exists in favor of terminating the automatic stay as to Key Bank. The motion for Stay relief will therefore be denied by separate order.

---

**3.** The requirement that a timely objection be filed reflected in decisional and other authorities is likewise incorporated in the rules of practice of this Court. *See* L.B.R. 602 requiring that objections to confirmation of Chapter 13 plans be in writing, and filed with the Court at or before the confirmation hearing, and allowing the Court to confirm plans without a hearing absent objection.