In re Gary T. **RUBOTTOM** and June L. **Rubottom,** Debtors.

**METROPOLITAN MORTGAGE & SECURITIES CO., INC.,** Appellant,

v.

Gary T. **RUBOTTOM** and June L. **Rubottom, Robert W. Meyers, Trustee, United States Trustee, Appellees.**

BAP No. OR 91–1612–AsVO.

Bankruptcy No. 391–31383–H13.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 21, 1991.

Decided Dec. 31, 1991.

Timothy J. Zimmerman, Portland, Or., for appellant.

David D. Park, Portland, Or., for appellees.

Before ASHLAND, VOLINN, and OLLASON, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

Metropolitan Mortgage & Securities Co., Inc. appeals from the bankruptcy court's order confirming the Rubottoms' Chapter 13 plan. The plan contained a provision extending the payment period on a note that matured during the plan period. We reverse because the provision in the plan violated § 1322(b)(2) of the Code.

## STATEMENT OF THE FACTS

Metropolitan holds a third deed of trust on the Rubottoms' residence. The deed of trust is Metropolitan's only security for the Rubottoms' promissory note. The original principal of the note was $38,000. Metropolitan advanced an additional $34,035 for the Rubottoms to cure defaults on senior secured debt. These advances were added to the debt and became secured by the Rubottoms' residence pursuant to paragraph five of the deed of trust. According to the terms of the note and deed of trust all unpaid amounts became due and payable from debtors on July 18, 1991.

The plan excused the Rubottoms from paying the note when it matured on July 18, 1991. The plan gave the Rubottoms until December 31, 1992 or until the property was sold (whichever came first) to pay the matured note. Upon sale, the Rubottoms were to pay Metropolitan all unpaid amounts accrued up until the time of the sale. If the house remained unsold on December 31, 1992, the secured creditors

would be granted relief from stay to foreclose.

## STATEMENT OF THE PROCEEDINGS

The Rubottoms filed their Chapter 13 petition and proposed plan on March 1, 1991. At the plan confirmation hearing, the bankruptcy court initially held that a Chapter 13 plan could not extend the maturity date of the note. The court cited *In re Ivory*, 32 B.R. 788 (Bankr.D.Or.1983) for this proposition.

The Rubottoms argued that the plan did not extend the maturity date of the note because it proposed to pay off the note from sale proceeds of the house by December 31, 1992. The bankruptcy court changed its thinking on the issue and agreed with the Rubottoms. The court held that a Chapter 13 plan need not provide for payment of a matured note if the debtor is attempting to sell the property that secures the note. The court stated that it was relying on *In re Vanasen*, 81 B.R. 59 (D.Or.1987), for this proposition. On this basis, the bankruptcy court overruled Metropolitan's objection and confirmed the Rubottoms' Chapter 13 plan.

## STATEMENT OF THE ISSUES

This appeal poses three issues. The Rubottoms interpose a threshold issue in support of the lower court's holding: whether the § 1322(b)(2) prohibition against modification of a home mortgage lender's rights applies to a junior lienholder.

Next, whether the bankruptcy court erred in confirming a Chapter 13 plan that did not provide for payment on a note that matured before the end of the plan period, where the note holder is secured only by a security interest in the debtor's principal residence.

Finally, whether, because the plan provides for a sale of the property, this case falls within the exception to § 1322(b)(2) provided for in *In re Vanasen*.

## STANDARDS OF REVIEW

■ This panel reviews questions of law de novo. *In re Comer*, 723 F.2d 737,

739 (9th Cir.1984). Whether § 1322(b)(2) applies to short term mortgages is a question of law requiring statutory interpretation. Statutory interpretation is reviewed de novo. *In re Benny*, 812 F.2d 1133, 1140 (9th Cir.1987). Whether an already matured debt on a home mortgage may be modified by a Chapter 13 plan is a question of law subject to de novo review. *In re Seidel*, 752 F.2d 1382, 1383 (9th Cir.1985).

Whether certain case law applies to the undisputed facts of this case is a question of law subject to de novo review.

## DISCUSSION

### Section 1322(b)(2) applies to junior deeds of trust.

■ Under § 1322(b) of the Bankruptcy Code, a Chapter 13 Plan may—

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims ...;

11 U.S.C. § 1322(b) (1988).

The Rubottoms contend that this case presents a question of first impression in the Ninth Circuit: whether a junior lien holder, secured only by a lien against a debtor's principal residence, is protected by § 1322(b)(2). The Rubottoms argue that the Ninth Circuit in *In re Hougland*, 886 F.2d 1182, 1184 (9th Cir.1989), casts doubt as to whether § 1322(b)(2) applies to junior home mortgagees.

These statements are incorrect. This case does not present a question of first impression, nor does *Hougland* cast doubt upon the applicability of § 1322(b)(2) to junior home mortgagees. The Ninth Circuit in *Hougland* said the following:

Another exception [to the § 1322(b)(2) prohibition against modification of rights of home loan mortgagees] may be found when persons who are not true residential real estate lenders secure their loans by taking a security interest in a debtor's home so that they can take advantage of the Chapter 13 provisions. See the discussion in *In re Shaffer*, 84 B.R. 63 (Bankr.W.D.Va.1988). *We need not and do not decide whether section*

*1322(b)(2) covers those lenders at all....*

*Hougland*, 886 F.2d at 1184 (emphasis added). The *Hougland* court took no position on the issue in this case except to acknowledge the stance of the *Shaffer* case.

The applicability of § 1322(b)(2) to junior home mortgagees was decided in *In re Harlan*, 783 F.2d 839 (9th Cir.1986). The Rubottoms argue in their brief that although *Harlan* involved the same issue as this case, the relevant language in *Harlan* was dicta. The Rubottoms argue that the debtor in *Harlan* "did not challenge the entitlement of the junior lien holder to the benefits of Section 1322(b)(2) and the decision is completely silent upon this issue."

*Harlan* involved a debtor, Charlene Harlan, who filed a petition for Chapter 13 relief in February 1983. Harlan's petition listed $59,000 owed to a creditor with a first deed of trust and $30,000 owed to Pan American Mortgage Company secured by a second deed of trust. Harlan's home secured both deeds of trust. Western Equities was the trustee under Pan American's deed of trust. Harlan's Chapter 13 plan provided for 60 monthly payments of $166, but did not mention the balloon payment on the Pan American note.

The $30,000 balloon payment on the Pan American note became due on August 10, 1983, after the plan was confirmed. Harlan did not make the balloon payment. Western Equities brought a relief from stay motion. The bankruptcy court denied the motion because a plan had been duly confirmed and Western Equities was bound by the plan's provisions under § 1327(a) of the Code. The district court affirmed the bankruptcy court's holding.

The Ninth Circuit reversed, noting that the confirmed plan had not mentioned the balloon payment and that absent the creditor's consent, a plan could not modify the terms of the promissory note. *Harlan*, 783 at 840.

The Rubottoms' plan was not confirmable because modifying the terms of Metropolitan's claim violated § 1322(b)(2) of the Code.

█ The Rubottoms admit that if Metropolitan prevails on the issue of whether 1322(b)(2) applies to junior home mortgagees, then the decision of the bankruptcy court confirming the Rubottoms' Chapter 13 plan should be reversed. We agree.

*In re Seidel* stated the following rule:

When a creditor is secured only by the debtor's principal residence, a Chapter 13 plan is barred from "modifying" the rights of the secured creditor. 11 U.S.C. § 1322(b)(2). Seidel's plan proposes to pay off a note, which had already reached its due date before he filed for bankruptcy, in installments over the next five years with a balloon payment at the end of that period. His plan therefore affects the rights of the creditor who holds both the note and the security interest in Seidel's home mortgage. We must decide whether the plan will so affect the creditor's rights that it amounts to "modifying" them, in violation of § 1322(b)(2).

In deciding whether a plan rises to the level of "modifying" rights we first consider whether that plan merely "cures" a default. Section 1322(b)(3) authorizes "the curing or waiving of *any* default," while section 1322(b)(5) authorizes the curing of a default when "the last payment is due after the date on which the final payment under the plan is due." We hold that Seidel's plan "modifies" his creditor's rights in violation of subsection b(2) and that the "cure" provisions of subsections b(3) and b(5) are inapplicable when a debt has reached its maturity date in the absence of acceleration, prior to the filing of the Chapter 13 petition.

*Seidel*, 752 F.2d at 1383.

In *Seidel* the court held that debtors cannot use Chapter 13 to delay payment of an unaccelerated debt that matures before the filing of the petition. *Seidel*, 752 F.2d at 1383. *Harlan* made the rule in *Seidel* applicable to debts that mature before the end of the plan period. *Harlan*, 783 F.2d at 840–41. *See also In re Gavia*, 24 B.R. 573, 574–75 (9th Cir. BAP 1982).

Here, the Rubottoms' promissory note matured after plan confirmation. The plan

did not provide for the payment of principal, interest, late charges, and fees that became due on July 18, 1991. The Rubottoms have not paid the amount owed and are "postponing payment of the debt beyond the time originally contemplated by the parties to the contract." *Seidel*, 752 F.2d at 1384. The plan therefore violated § 1322(b)(2) because it unilaterally modified the debt contract.

At oral argument, the Rubottoms' counsel argued that this case involved a plan that cured a default of an accelerated note. Apparently, it was the first time that this factual assertion was made in this proceeding. The Rubottoms did not contradict Metropolitan's assertion that § 1322(b)(2), as it relates to this case, prohibits extension of the payment term beyond the maturity date. Also, the Rubottoms' brief stated that the applicability of § 1322(b)(2) to junior home mortgagees was the only issue in this appeal. We find no support for the assertion made at oral argument by the Rubottoms' counsel.

Also, whether the Rubottoms' plan could permissibly cure the alleged acceleration is irrelevant because the Rubottoms have received the benefit of a cure due to the passage of time. A ruling for either party would not provide either side with a meaningful remedy. The relevant issue in this case is whether a cure beyond the date on which the note matured is permissible.

The proposed sale of the Rubottoms' residence does not exempt the plan from § 1322(b)(2)'s prohibition against modification of a home mortgage lender's rights.

At the confirmation hearing, the bankruptcy court found that the Rubottoms' plan did not modify Metropolitan's rights because the Rubottoms would attempt to sell their residence by December 31, 1992. The court relied on *In re Vanasen*, 81 B.R. 59 (D.Or.1987).

In *Vanasen* the lender sought relief from stay because the debtors did not make payments under the terms of a mortgage note. The court denied post-confirmation relief from stay and permitted the debtors until the end of the plan to sell their house and pay the lender. *Vanasen* 81 B.R. at 62.

The facts in *Vanasen* fell within the language of § 1322(b)(5), which provides an exception to subsection (b)(2) when the note matures after the plan ends. This was clear from the holding in *Vanasen:*

> Here, unlike the Ninth Circuit cases [*Seidel* and *Harlan* ], the obligations mature after the plan ends.
>
> . . . .
>
> Read together sections 1322(b)(2) and (5) provide that the plan may provide "for the curing of any default" as long as it does not modify the rights of a creditor's claim secured solely by the debtor's principal residence.... Allowing the debtors a reasonable time to sell the property and pay the debt does not "so affect" the Bank's rights as to violate section 1322(b)(2). (Citation omitted.) The Bank is merely faced with a delay. That delay does not impermissibly extend the notes beyond their maturity date nor does it jeopardize the Bank's security interest.

*Vanasen*, 81 B.R. at 61, 62.

This case is distinguishable from *Vanasen*, which involved the permissible curing of a default under § 1322(b)(5). This case involves the impermissible modification of a right to payment on a note that matured *during the plan period.* Also, in *Vanasen* it was the date of maturity of the note that brought the plan within the § 1322(b)(5) exception, and not the prospect of a sale. Here, the note matures before the end of the plan period. Therefore neither the *Vanasen* nor the § 1322(b)(5) exception to the § 1322(b)(2) prohibition against the modification of a home mortgagee's rights is applicable to this case.

## CONCLUSION

In view of Ninth Circuit precedents, the bankruptcy court erred in confirming the Rubottoms' plan that extended the time to pay a note that matured during the plan period. We reverse the order confirming

the Rubottoms' Chapter 13 plan because the plan violated § 1322(b)(2) of the Code.