**In re Edward MORDENTI and Veronica Mordenti, his wife, Debtors.**

**HONESDALE NATIONAL BANK, Movant,**

v.

**Edward MORDENTI and Veronica Mordenti, his wife, Respondents.**

**Bankruptcy No. 5–91–00130.**

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

July 13, 1993.

Stephen G. Bresset, Honesdale, PA, for movant.

Joseph Murray, Stroudsburg, PA, for debtors/respondents.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

On September 24, 1992, the Movant, Honesdale National Bank, (hereinafter "Bank"), filed a Motion for Relief from Automatic Stay against the Debtors, Edward and Veronica Mordenti, (hereinafter "Debtors"). The matter was defended and came to trial on January 19, 1993.

The parties have agreed that at issue is the Bank's efforts to foreclose upon a second mortgage against real estate of the Debtors.

The Bank offered testimony that the original amount of the mortgage, Eight Thousand One Hundred Sixty–Eight and 40/100 Dollars ($8,168.40), has been reduced to Seven Thousand Six Hundred Sixteen and 72/100 Dollars ($7,616.72) and was a five (5) year loan dated November 22, 1989. Twenty-eight (28) payments are past due as of the date of trial, with each payment being One Hundred Thirty–Six and 14/100 Dollars ($136.14). The last payment on the mortgage was made for September of 1990.

The Debtors' defense relies on the fact that a Chapter 13 plan was filed and confirmed. The Debtors further aver that no default has occurred on the Chapter 13 plan. Accordingly, because the Bank did not object to the Chapter 13 plan, the Debtors submit that it is bound by its terms and cannot now seek relief from the automatic stay in the absence of a default under the Chapter 13 plan.

The Chapter 13 plan was confirmed on June 11, 1992. Because it is short, it is set forth in the below footnote.[1] Notice of this plan was completed by copying the total plan on the back of the § 341 Notice and circulating it to all creditors.

---

1.
{Caption}

### CHAPTER 13 PLAN

COME NOW, the above-captioned Debtors and submit the following Chapter 13 Plan and request that it be confirmed:

1. **PAYMENTS TO TRUSTEE:** The amount of Fifty-three ($53.00) Dollars shall be submitted each month by the Debtors to the Chapter 13 Trustee for a period of sixty (60) months, which totals Three Thousand One Hundred and Eighty ($3,180.00) Dollars.

2. **CLASSIFICATION OF CLAIMS:** This plan classifies claims. Those classifications are as follows: Priority Claims, Secured Claims, and Unsecured Claims.

3. **PRIORITY CLAIMS:** The following priority claims shall be paid in full before distribution to other creditors:

a) Joseph G. Murray, Esq.     $ 580.00
b) Francis E. James, Tax Collector     $1,397.00

4. **SECURED CLAIMS:** Of the amount submitted to the trustee, the sum of Eight Hundred and Eighty-five ($885.00) Dollars shall be used to pay the arrearages to the secured creditor which holds a first mortgage against the Debtors' residence: Honesdale National Bank. This arrearage shall be paid after priority claims are paid in full. The Debtors shall maintain their regular monthly mortgage payments to Honesdale National Bank on this first mortgage loan.

5. **UNSECURED CLAIMS:** No unsecured claims will be paid under the plan.

6. **TRUSTEE COMPENSATION:** The Chapter 13 Trustee shall receive the amount of Three Hundred and Eighteen ($318.00) Dollars.

7. **CHAPTER 13 DISCHARGE:** Upon distribution of the amounts provided for in this plan, the Debtors shall be entitled to the entry of a Chapter 13 discharge.

8. **SUMMARY OF PLAN:**

| | | |
|---|---|---|
| TOTAL PAYMENTS TO TRUSTEE | | $3,180.00 |
| DISTRIBUTION BY TRUSTEE | | |
| —Joseph G. Murray, Esq. | 580.00 | |
| —Francis E. James, Tax Collector | 1,397.00 | |
| —Chapter 13 Trustee | 318.00 | |
| —Honesdale National Bank | 885.00 | |
| —Unsecured Claims | 0.00 | |
| TOTAL: | | $3,180.00 |

{Dated}        {Signatures}

With regard to the Honesdale National Bank, the plan provides as follows:

4. **SECURED CLAIMS:** Of the amount submitted to the trustee, the sum of Eight Hundred and Eighty-five ($885.00) Dollars shall be used to pay the arrearages to the secured creditor which holds a first mortgage against the Debtors' residence: Honesdale National Bank. This arrearage shall be paid after priority claims are paid in full. The Debtors shall maintain their regular monthly mortgage payments to Honesdale National Bank on this first mortgage loan.

On April 3, 1991, the Bank did file a timely objection to the plan alleging a violation of 11 U.S.C. § 1322(b)(2) {Modification of a creditor secured only by a residence} and lack of adequate protection.

Trial on the matter was set for February 27, 1992. Because the objector failed to appear, the objection was overruled. On June 11, 1992, this Court issued an Order confirming the Chapter 13 plan.

■ Just as we did in the similar case of *In re Burgess*, slip opinion, Case Number 5–91–00682, Middle District of Pennsylvania, 163 B.R. 726, issued this date, we begin our analysis with the provisions of 11 U.S.C. § 1327(a) indicating that the provisions of a confirmed Plan bind the Debtor and each creditor, whether or not the claim of such creditor is provided for by the plan.

This Court concludes that the second mortgage of the Honesdale National Bank is not provided for as that term is defined in the case of *Rake v. Wade*, —— U.S. ——, ——, 113 S.Ct. 2187, 2192, 124 L.Ed.2d 424. The first mortgage arrearage to Honesdale National Bank was addressed in the Plan but not the second mortgage.

Not being provided for, the secured interest represented by the second mortgage of the Honesdale National Bank remains against the Debtors' real estate. 11 U.S.C. § 1327(c).

■ The Court will adopt the reasoning of *In re Burgess*, slip opinion, Case Number 5–91–00682, Middle District of Pennsylvania, 163 B.R. 726, in holding that the failure of the Debtors to address the second mortgage of the Honesdale National Bank prevents the Debtors from arguing that its terms are now

modified. *In re Harlan*, 783 F.2d 839 (9th Cir.1986).

The Debtors have chosen not to attempt to modify that second mortgage and must therefore resign themselves to being bound by its terms.

The second mortgage of the Bank has been vested in the Debtors upon confirmation of the Plan and is still subject to the security interest of the Honesdale National Bank, all of which is pursuant to the terms of 11 U.S.C. § 1327(c).

■ As was indicated in *Burgess*, supra, the automatic stay protects not only property of the estate but also property of the Debtor against the enforcement of any lien to the extent that such a lien secures a claim that arose before the commencement of the case.

■ Under 11 U.S.C. §§ 362(d)(2) and 362(g), it is the burden of the creditor to establish the lack of equity that might exist in a given property. The Bank has chosen not to advance such proof.

Nevertheless, the evidence indicates, and this Court finds, that payment on the second mortgage has not been made outside of the Chapter 13 Plan since the inception of the bankruptcy case. This failure to make payment both post-petition and post-confirmation represents sufficient cause for this Court to look to the Debtors for some offer of adequate protection that would prevent this Court from terminating the automatic stay.

The Debtors have offered nothing—choosing, instead, to rely on their argument that confirmation of the Chapter 13 Plan prevents termination of the automatic stay.

As we did in *Burgess*, that argument is rejected. This Court hereby terminates the automatic stay based on the failure of the Debtors to offer adequate protection to the Honesdale National Bank by reason of its second mortgage interest in the real estate.