**In re John PALAZZOLO, Debtor.**

**In re Joan PALAZZOLO, Debtor.**

**Bankruptcy Nos. 085–50142–17, 085–50147–17.**

United States Bankruptcy Court, E.D. New York.

May 31, 1985.

Philip Irwin Aaron, Jericho, N.Y., for creditor.

Maurice Abrahams, New City, N.Y., for debtor.

Marianne De Rosa, Mineola, N.Y., Trustee.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be considered on the motion of Loretta Galbo, the sole creditor in these two related chapter 13 cases for an order denying confirmation of the debtors' proposed plans, and for dismissal or conversion of these cases pursuant to 11 U.S.C. § 1307(c). The court finds for the creditor and hereby denies confirmation of the debtors' proposed plans and orders that the debtors' cases be dismissed.

## STATEMENT OF FACTS

Debtors in these cases are brother and sister-in-law who together own a parcel of real property located at 11 Arlene Court in Hauppauge, New York. Their chapter 13 plans propose to change the terms of a mortgage upon that property.

On or about February 19, 1981, the debtors' corporation, "Janine Pizzeria, Inc." borrowed $60,500 from the creditor, and the debtors secured the loan with a mortgage on their real property. The loan, plus interest of 24% per annum, was due within eighteen (18) months (on or about August 8, 1982). No payments were made prior to the filing of these bankruptcies on February 25, 1985. The subject real property was the principal residence of the debtors at the time the mortgage was agreed upon,

and at the time the debtors filed their petitions.[1]

## DISCUSSION

The issue before the court is whether a debtor can use a chapter 13 petition to delay payment of a residential mortgage that has matured prior to the filing of the petition.

■ 11 U.S.C. § 1322(b)(2) states that a chapter 13 plan may not "modify" the rights of a creditor secured only by the debtor's principal residence. This does not mean, however, that defaults on residential mortgages cannot be "cured". Indeed, 11 U.S.C. § 1322(b)(5) allows defaults to be cured so long as· the cure is made before the last payment from the original debt schedule falls due. Debtors are permitted, therefore, to create new payment schedules within their plans to provide for the curing of mortgage defaults as long as the new schedule does not extend the final due date of the mortgage. *See In re Seidel,* 752 F.2d 1382, 12 B.C.D. 1016, 1017 (9th Cir. 1985); *In re Maloney,* 36 B.R. 876, 877–78 (Bankr.D.N.H.1984). The *Seidel* court explained that the restriction upon modification found in section 1322(b)(2) was enacted in order to protect home lenders, and that this specific legislative intent overrides the general legislative "purpose" of allowing a debtor to preserve his home. 752 F.2d 1382, 12 B.C.D. at 1018.

■ In support of their plan, debtors have cited *DiPierro v. Taddeo (In re Taddeo* ), 685 F.2d 24 (2d Cir.1982), in which the Second Circuit approved the "deacceleration" of mortgage debt. In *Taddeo,* the court permitted the debtor's plan to provide for the payment of mortgage defaults, despite the fact that the mortgagee had accelerated the entire debt by reason of the debtor's default in payment. 685 F.2d at 26. The court held that the "curing" of defaults under section 1322(b)(5) included the power to "deaccelerate" the mortgage and "reinstate its original payment schedule." *Id.* In the instant case, the payment schedule expired before the debtors even filed a bankruptcy petition, and thus the power to deaccelerate and reinstate the original payment schedule approved in *Taddeo* is inapplicable. This court holds that to permit the debtors to create a five year mortgage payable into 1990, out of an eighteen month mortgage which fell due by its own terms nearly three years ago, would constitute a modification of the creditor's secured claim prohibited by 11 U.S.C. § 1322(b)(2). *See Maloney,* 36 B.R. at 877–78.

In summary, the court holds that the plain meaning of 11 U.S.C. § 1322(b) expresses Congress' intent to protect mortgage lenders. The debtors cannot, therefore, modify the creditor's rights by extending the time to pay their mortgage as proposed in their chapter 13 plans. The debtors have failed to propose a plan which complies with chapter 13. Moreover, it is clear that the debtors cannot propose plans which will both provide for the payment of the debt owed to the debtor's sole creditor and comply with the requirements of chapter 13. Accordingly, the court hereby dismisses the debtors' chapter 13 cases pursuant to 11 U.S.C. § 1307(c).

So Ordered.

---

**1.** On June 18, 1984, a judgement of foreclosure and sale was entered in the Supreme Court of the County of Suffolk under Index Number 84–3718. Subsequently, three ex parte orders to show cause, together with temporary stays, were issued by the state court. Upon exhaustion of these state court proceedings the debtors filed bankruptcy petitions automatically staying the foreclosure and sale. On March 7, 1985, Judge Radoyovich vacated the automatic stay upon creditor's motion. Subsequently, Judge Radoyovich denied a stay of his order pending appeal. On April 24, 1985, Judge Costantino of the United States District Court granted a stay of foreclosure and sale pending the determination of the debtors' appeal from the order vacating the automatic stay.