### In re Otis BOLDEN, Debtor.

### Bankruptcy No. 88–04410–BKC–J13.

United States Bankruptcy Court,
E.D. Missouri, E.D.

June 27, 1989.

John V. LaBarge, Jr., Trustee Kirkwood, Mo., Trustee.

Andrew Hardge, Edwards & Hardge, East St. Louis, Ill., for debtor.

Donald J. Sher, St. Louis, Mo., Attorney for Clayton Inv. Corp.

## MEMORANDUM OPINION

JAMES J. BARTA, Chief Judge.

The holder of a second deed of trust on the Debtor's real property has filed an objection to confirmation of the Debtor's Chapter 13 Plan. At the Court's request, each party has submitted memoranda of law on undisputed facts which appear from the record.

The parties have not stipulated with respect to the specific issue to be determined by the Court. Therefore, this Memorandum Opinion will address only those matters which are essential to a grant or denial of confirmation.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H). This Memorandum Opinion and accompanying Order constitute the Final Order of the Court.

The Debtor's Amended Chapter 13 Plan, filed on January 20, 1989, provides for the payment of $500.00 per month for sixty months. Secured claims other than the first deed of trust on the Debtor's principal residence are to be paid in full over the life of the plan. The first deed of trust note was current at the date of bankruptcy, and the payments are to be made outside the Plan as they become due. Unsecured creditors will be paid as follows:

"3. UNSECURED CREDITORS: To be paid on pro rata basis after payment in full to unsecured creditors". Apparently, this typographical error should provide for payment to unsecured creditors after payment in full to *secured* creditors.

The parties have agreed that the full amount of the debt owed to the holder of the second deed of trust, Clayton Investment Corporation ("Clayton"), became due or matured by its own terms prior to the commencement of this case. Clayton's foreclosure proceedings had been stayed by the operation of 11 U.S.C. § 362 upon commencement of this case. The Debtor's original note was dated March 22, 1981, and became fully due on May 5, 1987.

In the Chapter 13 Statement, the Debtor indicated that the total debt secured by liens against his real property is approximately $20,310.52. He listed the market value of the property at bankruptcy as $40,000.00. Therefore, the Court has concluded that the interests of Clayton Investment are protected by the value of the Debtor's real property.

Clayton has argued that the Plan should not be confirmed because of its inherent unfairness, and because it improperly modifies the rights of a creditor whose debt is secured solely by an interest in the Debtor's principal residence as prohibited by 11 U.S.C. § 1322(b)(2). The modification question will be addressed first.

Section 1322(b)(2) provides in part that a debtor's plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. This section was added to the Bankruptcy Code to protect the interests of lenders whose debts are wholly secured by home mortgages. *Grubbs v. Houston First American Sav. Ass'n.*, 730 F.2d 236, 245 (5th Cir., 1984). *Matter of LaPaglia*, 8 B.R. 937, 940 (Bankr. E.D.N.Y., 1981).

This limitation at Section 1322(b)(2) must be considered balanced against the Congressional grant at Section 1322(b)(3), which authorizes a debtor to propose a plan which provides for the curing or waiving of *any* defaults. Section 1322(b)(5), which authorizes the curing of a default on a claim on which the last payment is due after the date on which the final plan payment is due is not applicable here because the debt to Clayton became fully due prior to the commencement of this case.

Although the parties have not submitted a stipulation of facts, the documents attached to the Proof of Claim No. 1 indicate that Clayton acquired the note and deed of trust in this matter by means of an assignment dated November 10, 1988 after matu-

rity. The parties have agreed that the deed of trust is junior to a deed of trust which secures payment of a note dated in July, 1979.

The question here is whether the Debtor's proposal to pay in full a note which matured prior to the commencement of this case, and which is secured solely by a second deed of trust on the Debtor's principal residence is a modification of the claimant's rights and, therefore, violative of Section 1322(b)(2). If the proposal modifies Clayton's rights, the Plan cannot be confirmed.

Although the courts have not been in agreement with respect to this question, many decisions have emphasized the rehabilitative purpose of Chapter 13 and have permitted debtors to cure the default even though the debt has fully matured prepetition and is secured only by a security interest in real property which is the debtor's principal residence. See, *In re Spader*, 66 B.R. 618, 620 (W.D.Mo., 1986); *In re McSorley*, 24 B.R. 795, 798 (Bankr., D.N.J., 1982); *In re Larkins*, 50 B.R. 984, 987 (W.D.Ky., 1985); *In re Minick*, 63 B.R. 440, 445, 14 B.C.D. 921, 924 (Bankr. D.D.C., 1986).

Generally, the decisions which have not recognized a debtor's right to cure a default under these circumstances have been based upon a strict interpretation of Section 1322(b)(2). See, *In re Seidel*, 752 F.2d 1382, 12 B.C.D. 1016 (9th Cir., 1985); *In re Harlan*, 783 F.2d 839, 14 C.B.C.2d 415 (9th Cir., 1986); *In re Palazzolo*, 55 B.R. 17 (Bankr. E.D.N.Y., 1985). These decisions have emphasized the nature of the security (as being a security interest in the debtor's principal residence), and minimized or disregarded two equally important considerations: that the plan must modify the claimant's rights, and that one purpose of Chapter 13 is to protect debtors' homes. See, *In re Simpkins*, 16 B.R. 956, 962, 6 C.B.C.2d 1081, 1087 (Bankr., E.D.Tenn., 1982).

It is the conclusion of this Court that a Chapter 13 Plan which proposes to pay the holder of a second deed of trust such as Clayton, the present value of its claim over a period which is not inconsistent with Section 1322(c), does not impermissibly modify

the claimant's rights. This conclusion permits a debtor to cure a home mortgage default, and protects the interest of the lender which is secured only by an interest in the debtor's principal residence by paying the present value of its claim through the structure and with the protection of Chapter 13. In so concluding, the Court adopts the reasoning of the Court in the *Spader* decision cited above. Although the length of repayment of the *Spader* note was considerably shorter than the repayment term here, the reasoning of the *Spader* decision is equally applicable to the facts in this case.

By separate order, the objection of Clayton Investment Corporation to confirmation of the Debtor's Plan based upon an allegedly impermissible modification pursuant to Section 1322(b)(2) is denied. However, the Debtor has not established in this record that his Plan will pay Clayton the present value of its claim. Therefore, the parties are to meet and attempt to agree upon such value. If no agreement is reached, the Debtor is to otherwise prosecute his request to confirm a Chapter 13 Plan.

### ORDER

Upon consideration of the record as a whole, and consistent with the Memorandum Opinion entered in this matter,

IT IS ORDERED that the objection of Clayton Investment Corporation to confirmation of the Debtor's Chapter 13 Plan, based upon an allegedly impermissible modification of a secured claim is overruled; and

That the hearing to consider confirmation of the Debtor's Plan be continued and reset to *July 27, 1989 at 9:30 a.m. in Bankruptcy Court No. 1, United States Court House, 1114 Market Street, 7th Floor, St. Louis, Missouri;* and that prior to said hearing, the parties are to meet and attempt to agree upon the present value of the claim of Clayton Investment Corporation; and that the Debtor is to thereafter give notice to all creditors and parties in interest of any amendments to his Plan as a result of this agreement; and that if no

such agreement is possible, the Debtor is to take such other action as may be required to prosecute his request to confirm a Chapter 13 Plan; and

That this Order is entered without prejudice to the right of Clayton Investment Corporation to request relief under 11 U.S.C. § 362(d).