**In re George Junior LUMSDEN & Betty Louise Lumsden, Debtors.**

**Bankruptcy No. 90–40025–W–13.**

United States Bankruptcy Court, W.D. Missouri.

March 16, 1990.

Mark Ransom, Independence, Mo., for debtors.

Fred Bellemere, III, Kansas City, Mo., for Household Realty Corp.

Rick Fink, Chapter 13 Trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtors have filed this Chapter 13 proceeding in a last ditch effort to save their residence. Debtors have only four secured debts, which are: (1) the note secured by a first mortgage on their residence, (2) the note secured by a second mortgage on their residence, (3) the note secured by a mortgage on their 1984 family car; and (4) their note secured by a mortgage on a 1982 pickup. Debtors have only two unsecured debts—a bank credit card for $550.00 and a J.C. Penney account for $500.00. It is the holder of the second mortgage on the home that has objected to the confirmation of the

plan as violative of 11 U.S.C. § 1322(b)(2), alleging that the proposed plan impermissibly modifies its rights as a secured creditor possessing only a secured interest in the residence of the debtors.

In July of 1984, debtors procured a second mortgage loan from creditor in the amount of $21,774.45. Payments of $335.70 per month were only slightly more than interest accruing at 17.01% and were required for 60 months with a balloon of $19,642.08 required in July of 1989. Debtors apparently made the monthly installments, but could not make the balloon payment and foreclosure and this Chapter 13 filing were the last two chapters in this modern day tragedy. Debtor husband is retired and he receives $571.00 per month Social Security and $209.00 per month pension from his last employer. Debtor wife is employed and takes home $462.00 biweekly. Debtors' plan provides for a 100% payout to secured creditors over 5 years together with their contract rate of interest on the obligations. Unfortunately, the second mortgage lender does not desire a monthly payment for 60 more months even though its contractual interest rate of 17.01% might seem at least adequate for said extension. Said lender's objections to confirmation were duly heard and the undisputed facts as set out above established.

As this Court has mentioned before, it and many other bankruptcy courts have found divers ways to ameliorate the seeming harshness of 11 U.S.C. § 1322(b)(2). One of the more popular has been to find that the creditors while drafting their potentially adhesive contracts, ended up possessed of or claimed some type of security beyond the unadorned security interest in the debtor's residence. However, creditor with remarkable forbearance, has avoided all such heavy-handed excess in this case. Creditor neither possesses, claims, nor has ever claimed (by virtue of fair interpretation of all the words in the loan documents), any secured interest in anything other than the residence of the debtors.

This Court, and others, have even held that spreading an already matured balance on a mortgage over a reasonable period of time is permissible under 11 U.S.C. § 1322(b)(2). *In re Spader,* 66 B.R. 618 (W.D.Mo.1986). However, this Court has been unable to come to any conclusion other than that the law is, in this case, as creditor suggests and that to force creditor to now receive its contracted for and past due balloon payment over a period of five years is an unwarranted and impermissible interpretation of 11 U.S.C. § 1322(b)(2). Put another way, it sometimes becomes the unhappy lot of a Bankruptcy Judge to quit interpreting the law and start applying it. To do else is to fall into the trap described by Lord Acton.

Debtors' Chapter 13 plan is DENIED CONFIRMATION this 16 day of March, 1990.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.