**In re Florian J. WITOMSKI and Mary C. Witomski, Debtors.**

**EQUITABLE BANK, N.A., Movant,**

v.

**Florian J. WITOMSKI and Mary C. Witomski, Respondents.**

**Bankruptcy No. 89–5–4078–JS.
Motion No. M90–0200–JS.**

United States Bankruptcy Court,
D. Maryland.

March 27, 1990.

Stephen R. Tully, Baltimore, Md., for debtors/respondents.

John Robinson, Trustee, Baltimore, Md.

Gerard R. Vetter, John F. Kaufman, Semmes, Bowen & Semmes, Baltimore, Md., for movant.

## MEMORANDUM OPINION SUSTAINING OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND LIFTING AUTOMATIC STAY

JAMES F. SCHNEIDER, Bankruptcy Judge.

Equitable Bank, N.A. filed an objection [P. 7] to the confirmation of the debtors' Chapter 13 plan and a motion to lift the automatic stay. For the reasons set forth in this opinion, confirmation will be denied and the motion to lift the automatic stay will be granted.

FINDINGS OF FACT

1. The debtors filed the instant Chapter 13 bankruptcy petition in this Court on November 21, 1989.

2. On the same date, they filed their Chapter 13 plan [P. 3] pursuant to which they agreed to pay $650 to the Chapter 13 trustee every month for a period of 60 months. The plan provided for "secured payments on mortgage to be paid outside the Plan" and for "$650 payments per month for sixty (60) months to be paid to unsecured creditors reflecting ... 100% repayment to all unsecured creditors." Plan [P. 3], filed November 21, 1989.

3. The debtors listed Equitable Bank, N.A. in their schedules as the holder of an unsecured claim in the amount of $26,-351.12.

4. The Bank filed a proof of claim [Claim No. 2] in the debtors' bankruptcy case in the amount of $25,190.81 as a secured claim.

5. The debtors did not file an objection to the secured status of the claim of Equitable Bank, N.A.

6. On January 31, 1990, Equitable Bank, N.A. filed the instant objection [P. 7] to confirmation of the debtors' Chapter 13 plan and a motion to modify the automatic stay (Motion No. M90–0200–JS).

7. The objection and the motion both alleged that Equitable was the holder of an unconditional guarantee of payment dated December 19, 1986, executed by the debtors, to guarantee the payment of a commercial promissory note also executed on December 19, 1986 by Jim Dandy Carpet Service, Inc. for the principal amount of $52,000. On the same date, the debtors executed an indemnity deed of trust granting a lien upon their residence to Equitable Bank to secure payment on the note and guarantee.

8. The obligation of Jim Dandy Carpet Service, Inc. matured without acceleration on December 19, 1989, and there remains due and owing the sum of $25,190.81, plus accrued interest, late charges, attorneys' fee and other expenses.

9. The Bank contends that the debtors' guarantee likewise matured without acceleration on December 19, 1989.

10. The Bank's objection to the confirmation of the debtors' plan is based upon two grounds, to wit (1) that the debtors may not extend payments to the Bank over a period of 60 months because to do so will permit the debtors to illegally modify the

terms of the indemnity deed of trust secured by their residence, pursuant to Section 1322(b)(2); and (2) that the debtors' budget indicates that their plan is not feasible because they do not have sufficient disposable income required in order to make the plan payments.

11. The Bank's motion to modify the automatic stay alleged that the debtors and Jim Dandy Carpet Service, Inc. are in default on their obligations under the note and guarantee by failing to make full payment to Equitable on December 19, 1989. The amount due the Bank at the time the motion was filed was alleged to be $25,190.81 in principal and $1,674.64 in accrued interest through January 26, 1990. Interest was alleged to accrue from January 26, 1990 at the rate of $8.39 per diem. In addition, the debtors were alleged to owe late charges in the amount of $1,324.05 and attorneys' fees equal to 15% of the outstanding balance due, or $4,228.42. The motion stated that cause (including a lack of adequate protection) existed for lifting the automatic stay and that the Bank was irreparably injured by its inability to enforce its rights under the indemnity deed of trust while the automatic stay was in effect.

12. At a hearing in open court on March 1, 1990, this Court continued the automatic stay in effect pending the outcome of the hearing on confirmation of the debtors' Chapter 13 plan.

13. The Chapter 13 plan came on for confirmation at a hearing on July 24, 1990, at which time the Court took the objection of Equitable Bank under advisement.

14. The claim of Equitable Bank is not based upon a long-term mortgage which has been accelerated, but rather upon a short-term obligation which is fully matured and now past due and owing in full.

The question to be decided here is whether this Court may properly confirm a Chapter 13 plan which modifies the terms of a fully matured indemnity deed of trust secured by real property that is the debtors' residence.

CONCLUSIONS OF LAW

1. Chapter 13 enables a debtor to decelerate a mortgage which has been accelerated, to reinstate the mortgage before a foreclosure sale has been completed and to propose a plan which will cure the prepetition defaults within a reasonable time.

2. However, Section 1322(b)(2) forbids the modification of the rights of a creditor whose interest is secured by the debtors' principal residence.

3. A number of courts which have considered the question have held that the postponement of payment of the secured debt beyond the time originally contemplated by the parties amounts to an impermissible modification and that this is even more clearly so when the debt has already matured without acceleration prepetition. *In re Seidel,* 752 F.2d 1382 (9th Cir.1985); *In re Harlan,* 783 F.2d 839 (9th Cir.1986); *In re Palazzolo,* 55 B.R. 17 (Bankr.E.D.N.Y.1985); *In re Lumsden,* 112 B.R. 978 (Bankr.W.D.Mo.1990); *In re Cooper,* 98 B.R. 294 (Bankr.W.D.Mich.1989).

4. This Court expresses its strong disapproval of the line of cases which have held to the contrary. *In re Bolden,* 101 B.R. 582 (Bankr.E.D.Mo.1989); *In re Spader,* 66 B.R. 618 (W.D.Mo.1986); *In re McSorley,* 24 B.R. 795 (Bankr.D.N.J.1982); *In re Larkins,* 50 B.R. 984 (W.D.Ky.1985); *In re Minick,* 63 B.R. 440 (Bankr.D.D.C. 1986).

5. The language in Section 1322(b)(2) does not differentiate between long-term mortgages and short-term indemnity deeds of trust, but speaks only generally in terms of "a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2) (1988). Because of the clear and unambiguous language employed, this Court is unable to find that an exception exists in the statute for indemnity deeds of trust. *Contra, In re Shaffer,* 84 B.R. 63 (Bankr.W.D.Va.1988).

6. The claim of Equitable Bank is fully secured by a security interest in real estate which is the debtors' principal residence. In their Chapter 13 statement, the debtors assigned to their residence a fair market value of $90,000. By deducting balances due on first and second mortgages which aggregate $55,943, there appears to be re-

sidual value of $34,057, which means that the Bank's claim of $25,190.81 is oversecured. *Cf. In re Gadson,* 114 B.R. 453 (Bankr.E.D.Va.1990); *In re McNair,* 115 B.R. 520 (Bankr.E.D.Va.1990).

7. Section 1322(b)(3) and (b)(5) which provides debtors a right to cure a default by maintaining regular payments and paying off the arrearage within a reasonable time is unavailing in this case. Because the debt has fully matured without acceleration, the reinstatement of its original terms will render the debt immediately due and payable.

8. Because the debtors' Chapter 13 plan impermissibly modifies the fully secured claim of Equitable Bank, confirmation of the plan will be denied upon the Bank's objection.

9. Because Equitable Bank has proven to the satisfaction of this Court that cause exists to lift the automatic stay, including a lack of adequate protection, the stay will be lifted forthwith to permit the Bank to exercise its rights under the matured indemnity deed of trust and to foreclose upon its collateral.

ORDER ACCORDINGLY.