**In re Vincent A. GIANGUZZI, Barbara N. Gianguzzi, Debtors.**

**Bankruptcy No. 92 B 21504.**

United States Bankruptcy Court, S.D. New York.

Oct. 2, 1992.

Heller & Rosenberg, P.C., Huntington, N.Y., for Jules Nordlicht.

Vincent A. Gianguzzi, pro se.

### DECISION ON MOTION FOR LEAVE TO FORECLOSE AND MOTION TO CONTINUE THE AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Second Circuit Court of Appeals recently held that a Chapter 13 debtor may "strip-down" a home mortgage by valuing the secured claim at the collateral's market value and treating the balance of the claim as unsecured. *In re Bellamy*, 962 F.2d 176 (2d Cir.1992). The Chapter 13 debtors in the instant case wish to take this process one step further by stretching out, rather than stripping down, a matured home mortgage, with full payment to be made over the life of the Chapter 13 Plan. The mortgagee, Jules Nordlicht, contends that the debtors' proposal amounts to an improper modification of a mortgage which matured by its own terms, and therefore, violates 11 U.S.C. § 1322(b)(2). Accordingly, the mort-

gagee seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) so that he might proceed with his state court mortgage foreclosure action which was halted when the debtors filed their Chapter 13 case three weeks before a scheduled foreclosure sale.

FACTS

1. On November 3, 1989, the debtors, Vincent and Barbara Gianguzzi, executed a mortgage and note in the amount of $30,-000.00 in favor of Frances Hammond. The mortgage constitutes a junior lien upon the debtors' residential premises located in Chappaqua, New York. The mortgage and note were assigned to Jules Nordlicht on November 17, 1989 (the "Nordlicht mortgage").

2. The Nordlicht mortgage note required the debtors to pay the sum of $300.00 per month for twelve months, with the balance and any unpaid interest due on November 3, 1990, which was later extended to November 3, 1991. Interest is at the rate of 21 percent per annum. The Nordlicht mortgage is a third mortgage on property covered by two senior mortgages and two junior mortgages, for a total of five mortgages against the debtors' home.

3. The debtors failed to pay the balance due when the Nordlicht mortgage came due, with the result that the mortgagee, Nordlicht, commenced a state court foreclosure action against the debtors in November of 1991.

4. On August 3, 1992, the debtors filed with this court their Chapter 13 bankruptcy petition which automatically stayed the foreclosure sale which was scheduled for August 25, 1992.

5. The debtors contend that they have equity in their home and that they should be allowed to stretch out the full payment of the matured mortgage over the five year term of their Chapter 13 plan. They also seek to reduce the mortgage rate of interest from 21 percent per annum to 8.5 percent per annum.

DISCUSSION

■ A Chapter 13 debtor's plan may not disregard the terms of a note and mortgage on the debtor's home because such strategy is expressly proscribed by 11 U.S.C. § 1322(b)(2) which prohibits the modification of a Chapter 13 debtor's home mortgage as follows:

**§ 1322. Contents of plan.**

. . . .

(b) Subject to subsections (a) and (c) of this section, the plan may—

. . . .

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

■ It has been held that postponing of a debt secured by a Chapter 13 debtor's home beyond the time originally contemplated by the parties to the mortgage contract clearly amounts to a "modification" barred by 11 U.S.C. § 1322(b)(2). *Western Equities, Inc. v. Harlan (In re Harlan)*, 783 F.2d 839, 840 (9th Cir.1986); *Seidel v. Larson (In re Seidel)*, 752 F.2d 1382, 1384 (9th Cir.1985); *In re Rubottom*, 134 B.R. 641 (9th Cir. BAP 1991) (Chapter 13 plan may not modify a junior mortgage on the debtor's home); *In re La Brada*, 132 B.R. 512 (Bankr.E.D.N.Y.1991); *In re Witomski*, 126 B.R. 205 (Bankr.D.Md.1991). Some courts have allowed a Chapter 13 debtor to stretch out a fully matured mortgage on the debtor's house over the life of the Chapter 13 plan. *In re Moreland*, 124 B.R. 921 (Bankr.D.Conn.1991); *In re Williams*, 109 B.R. 36 (Bankr.E.D.N.Y. 1989). However, these decisions relied on the reasoning of the Circuit Courts in *In re Clark*, 738 F.2d 869, 874 (7th Cir.1984); *Grubbs v. Houston First American Savings Association*, 730 F.2d 236 (5th Cir. 1984) (en banc); *In re Taddeo*, 685 F.2d 24, 28 (2d Cir.1982). The foregoing Circuit Court decisions did not involve a mortgage which matured by its own terms. In each case the mortgage obligation was accelerated by a default in payments under an

unmatured mortgage. The Chapter 13 debtors were allowed to deaccelerate and reinstate the mortgage debt by curing the defaults and continuing to make their future mortgage payments in accordance with the original terms of the debt.

In the instant case, the Nordlicht mortgage was already naturally matured when the debtors filed their Chapter 13 case. A reinstatement of the original terms would not serve the debtors' purpose because the Nordlicht mortgage debt would be immediately due and payable. Hence, the cure relief which was permitted in the *Clark, Grubbs* and *Taddeo* cases is not relevant in this case. *In re Amerson*, 143 B.R. 413, 419 (Bankr.S.D.Miss.1992). This court agrees with the statement of Chief Judge Conrad B. Duberstein that "there is no getting around the fact that such an act [full payment of a matured mortgage plus interest over the life of the plan] is a unilateral modification of the terms of the Mortgage and as such is prohibited by the unambiguous language of § 1322(b)(2) and (5)." *La Brada*, 132 B.R. at 516.

The concept of an impermissible modification is even more striking in this case because not only do the debtors wish to extend their mortgage for five years under their plan, notwithstanding that it was fully matured before they filed their Chapter 13 case, but they also plan to reduce the interest rate of 21 percent per annum. Manifestly, the reduction in interest rate is also an impermissible modification proscribed under 11 U.S.C. § 1322(b)(2).

In view of the fact that the debtors may not modify the mortgagee's fully matured mortgage, either by stretching out payments over the life of their five year plan, or by reducing the contractual interest rate, the mortgagee is entitled to immediate payment and should, therefore, be relieved from the automatic stay so as to allow him to proceed with his state court foreclosure action.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. 157(b)(2)(G).

2. The Chapter 13 debtors may not stretch out for five years under their plan the payment due under the mortgage in question, which was fully matured by its terms before the debtors filed their Chapter 13 plan.

3. The Chapter 13 debtors' plan may not reduce the contractual interest rate under the fully matured mortgage from 21 percent per annum to 8.5 percent per annum.

4. The debtors' Chapter 13 plan impermissibly modified the mortgagee's fully matured secured claim against the debtors' house in violation of 11 U.S.C. § 1322(b)(2) because the mortgage is entitled to full payment immediately, together with contractual interest.

5. The mortgagee's motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) is granted. He may proceed with his state court foreclosure action.

SETTLE ORDER on notice.