**In re Phyllis L. MANOCCHIA, Debtor.**

**Bankruptcy No. 93–11031.**

United States Bankruptcy Court,
D. Rhode Island.

July 27, 1993.

James E. Kelleher, Revens, Blanding, Revens & St. Pierre, Warwick, RI, for debtor.

Gloria C. Dahl, Morneau & Murphy, Jamestown, RI, for Northeast Sav. Bank, F.A.

Andrew Richardson, Boyajian, Harrington & Richardson, Providence, RI, for Chapter 13 Trustee.

*ORDER*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on July 1, 1993 on Northeast Savings Bank's Objection to Confirmation of Debtor's Chapter 13 Plan. Northeast argues that the plan proposes an impermissible modification of its security interest in the Debtor's principal residence, in violation of 11 U.S.C. § 1322(b)(2) and therefore, confirmation must be denied.

On April 4, 1986, Columbian Credit Union, Northeast's predecessor-in-interest, made a loan of $60,000 to Phyllis and John Manocchia, secured only by a mortgage on the Manocchia's home. The note matured and became due in the full amount, by its own terms, on June 14, 1989. Phyllis Manocchia filed her petition on April 16, 1993, and now, four years later, seeks to restructure the note and pay the balance over the life of a five year plan. At issue is whether the Debtor, under § 1322 of the Bankruptcy Code, may "cure" an unaccelerated mortgage on her principal residence, where the note has matured and where the entire balance became due prior to the Chapter 13 filing.

There is a split of authority on this issue, with one line of cases denying confirmation of such plans because they propose an impermissible modification of a secured lender's rights, *see Seidel v. Larson (In re Seidel),* 752 F.2d 1382 (9th Cir.1985), while other courts have approved confirmation of similar plans, finding that the debtor is merely curing a default, and not modifying the rights of the secured party. *See Grubbs v. Houston First Am. Sav. Ass'n,* 730 F.2d 236 (5th Cir.1984). We agree with the first line of cases, and with Judge Yakos, who ten years ago held that "if section (b)(3) and (5) of section 1322 were

construed to permit a Chapter 13 plan to 'cure' a matured mortgage debt, by in effect creating a new payment schedule, such action would clearly involve 'modifying' the rights of the mortgagee." *In re Maloney*, 36 B.R. 876, 878 (D.N.H.1984); *see also In re Seidel*, 752 F.2d at 1383–84; *In re Baxter*, 155 B.R. 285 (D.Mass.1993).[1] We believe these cases reflect the correct state of the law, especially in light of the recent Supreme Court decision in *Nobelman v. American Sav. Bank*, —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) where the Court emphasized that section 1322(b)(2) protects the secured home mortgage lender's *rights*, as opposed to *claims*. *Id.* at ——, 113 S.Ct. at 2109.

Accordingly, because the Debtor's plan proposes a modification of Northeast Savings Bank's rights, in violation of § 1322(b)(2), confirmation of the present plan is DENIED. Pursuant to Local Rule 9(c), the Debtor has eleven days within which to file an amended plan.

Enter Judgment consistent with this opinion.

### JUDGMENT

In accordance with Fed.R.Bankr.P. 9021, and for the reasons set forth in the ORDER issued by the Honorable Arthur N. Votolato, United States Bankruptcy Judge, on July 27, 1993, Judgment is hereby entered.

---

1. We find that the instant situation is distinguishable from one in which a debtor has defaulted in mid-term on his/her home mortgage obligation, pre-bankruptcy, and the secured lender accelerates the debt, seeking the balance due under the note. In that scenario, a Chapter 13 debtor may cure the default and decelerate the payments, because section 1322(b)(5) allows a Chapter 13 plan to cure "any default ... on any unsecured or secured claim on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5). In the case before us, however, the Debtor's final mortgage payment was due on June 14, 1989, long before the petition was filed.