**In re Linda Carol FUENTES, Debtor.**

**Bankruptcy No. 94–41812–399.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

May 26, 1994.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Chief Judge.

### INTRODUCTION

This Case presents the question of whether a Chapter 13 plan which proposes to cure arrearages on a promissory note, secured solely by an interest in the Debtor's principal residence, which matured prepetition is an impermissible modification of the mortgagee's rights under 11 U.S.C. § 1322(b)(2).

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(G) & § 157(b)(2)(L).

### STATEMENT OF FACTS

Terric Manor, Inc. ("Creditor") is the holder of two Promissory Notes both of which are secured by a Deed of Trust on Linda Carol Fuentes' ("Debtor") personal residence. The first Promissory Note ("Note") fully matured in 1993, leaving a balloon balance due. When the Debtor was unable to pay the balance in full, the Creditor commenced foreclosure proceedings, and, just prior to foreclosure, the Debtor filed a petition under Chapter 13 for relief.

Creditor filed a Motion for Relief from Stay in this Court seeking to continue its efforts to collect on the Note through foreclosure on the Debtor's residence.

The Creditor argues that Relief from Stay should be granted under 11 U.S.C. § 362(d)(1)[1] because the Debtor's Chapter

---

1. All references are to Title 11 unless indicated otherwise.

13 Plan impermissibly modifies its rights under the Note in violation of § 1322(b)(2). Since the Note matured by its own terms pre-petition, the Creditor asserts that it is entitled to immediate payment of the entire outstanding balance and that any other repayment arrangement impermissibly modifies its rights.

The Debtor argues that her Chapter 13 Plan does not impermissibly modify the Creditor's rights, but simply cures the default under the Note pursuant to § 1322(b)(3). The Debtor's Chapter 13 Plan would pay the Creditor's claim in full with interest over the life of the Plan.[2]

## DISCUSSION

*I. Section 1322(b)(2) & § 1322(b)(3)*

Section 1322(b)(2) prohibits a debtor from modifying the rights of a home mortgage lender. It provides in relevant part:

> Subject to subsections (a) and (c) of this section, the plan may—(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence ...

This Section originally permitted Chapter 13 debtors to modify all secured debts, but was later amended to protect home lenders. *In re Seidel*, 752 F.2d 1382, 1385 (9th Cir.1985). That Congress chose to make this amendment specifically for home mortgagees, indicates a strong legislative intent toward protecting the expectations of both parties under the Note.[3]

■ Section 1322(b)(3) permits a debtor to cure or waive any default which might have accrued prior to the bankruptcy filing. It provides: "subject to subsection (a) and (c) of this section, the plan may (3) provide for the curing or waiving of any default." This sec-

tion is frequently applied in the home mortgage context when a mortgage is accelerated into maturity because of a debtor's failure to make installment payments. The "cure" envisioned by § 1322(b)(3) is to decelerate the note. This concept of "cure" under § 1322(b)(3) is not a "modification" prohibited by § 1322(b)(2). *In re Taddeo*, 685 F.2d 24 (2nd Cir.1982).

■ The Debtor asks this Court to take the *Taddeo* concept of "cure" one step further. Rather than apply § 1322(b)(3) to cure a prepetition acceleration resulting from a failure to pay installments due under the Note, the Debtor is seeking to apply the cure concept to a Note which fully matured on its own terms. In proposing to stretch the entire balance due over a period of several years, the Debtor is blurring the distinction between curing a default and modifying a home mortgagee's rights.

Under the Debtor's analysis, a three year balloon home mortgage could be stretched out by as many 60 months if the mortgagor were to file a Chapter 13 petition after the balloon payment became due. This Court is not persuaded by the Debtor's reasoning. Section 1322(b)(3)'s "cure" should not be used in these circumstances. By allowing Chapter 13 debtors to cure prepetition defaults, the Bankruptcy Code is attempting to restore the status quo which existed but for a debtor's failure to pay installments. Here the Debtor is not attempting to restore the status quo, but is trying to create a new payment schedule for the fully matured balance of the Note. Such an action modifies the rights of the Creditor and is therefore prohibited under § 1322(b)(2).[4]

---

**2.** In this case, the Debtor's Plan would last for 38 months.

**3.** Indeed the Supreme Court has recognized the importance of preserving the expectations of the parties under a Promissory Note securing a principal residence in a 1322(b)(2) context. *Nobelman v. American Savings Bank*, —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993).

**4.** In reaching this conclusion, this Court is mindful of the many cases which have already addressed this issue. Those court which have al-

lowed a debtor to "cure the default" in a mortgage that matured prior to the Chapter 13 petition include: *In re Bolden*, 101 B.R. 582 (Bankr.E.D.Mo.1989); *In re Dochniak*, 96 B.R. 100 (Bankr.W.D.Ky.1988); and *In re Spader*, 66 B.R. 618 (W.D.Mo.1986). Those courts which find that a Chapter 13 debtor's attempt to cure a prepetition matured mortgage in an impermissible modification under § 1322(b)(2) include: *In re Seidel*, 752 F.2d 1382 (9th Cir.1985); *In re Pruitte*, 157 B.R. 662 (Bankr.E.D.Mo.1993); *In re Manocchia*, 157 B.R. 45 (Bankr.D.R.I.1993); and *In re Baxter*, 155 B.R. 285 (Bankr.D.Mass.1993).

## CONCLUSION

For the foregoing reasons:

IT IS ORDERED that Terric Manor, Inc.,'s Motion for Relief from the Automatic Stay is SUSTAINED.