### In re James Paul LEACH and Cynthia Leach, Debtors.

### Bankruptcy No. 94–80212F.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Aug. 11, 1994.

---

Mary E. Green, Fayetteville, AR, for debtors.

Joe B. Reed, Springdale, AR, for First State Bank of Huntsville.

A.L. Tenney, Trustee, North Little Rock, AR.

### MEMORANDUM OPINION

ROBERT F. FUSSELL, Bankruptcy Judge.

Pending before the Court is the May 24, 1994 Objection to Confirmation by Secured Creditor First State Bank of Huntsville ("FSBH") to the debtors', James Paul Leach and Cynthia Leach ("Debtors"), Chapter 13 bankruptcy plan.

### I. *JURISDICTION*

This Court has jurisdiction over this pending matter pursuant to 28 U.S.C. § 1334.

Further, the above proceeding is a core proceeding within 28 U.S.C. § 157(b)(2). The following Memorandum Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### II. *FINDINGS OF FACT*

On February 14, 1992, the Debtors executed a promissory note in which they agreed to pay FSBH a principal amount of $23,000.00, with interest of 8.5% per annum. The Debtors agreed to pay FSBH monthly installments of $230.00 for two years beginning March 14, 1992. At the end of this two year period, on February 14, 1994, the balance of principal and interest would be due, in full.

The note was secured by a real estate purchase money mortgage in favor of FSBH. The legal description of the subject property is as follows:

> Lot Numbered Seventeen (17) in Reed Addition No. 2 to the City of Lincoln, Arkansas, as per plat of said Addition on file in the office of the Circuit Clerk and Ex-Officio Recorder of Washington County, Arkansas.

The real estate mortgage was filed for record on February 20, 1992, in Washington County, Arkansas.

On February 14, 1994, the Debtors' debt to FSBH became due. On April 13, 1994, the Debtors filed a Chapter 13 bankruptcy petition. On April 26, 1994, the Debtors filed a Chapter 13 plan under which the Debtors proposed to pay FSBH monthly principal and interest payments of $230.00 for 58 months, and monthly arrearage payments of $29.00 for 58 months. The $29.00 a month payments were to cure the arrearage of $690.00, and the Debtors were to pay a balloon payment at the end of the 58–month period for the balance of the debt.

On June 7, 1994, the parties stipulated in writing that as of April 13, 1994, the Debtors owed FSBH accrued interest in the amount of $818.41, late charges in the amount of $46.00, and attorney's fees in the amount of $450.00.[1] The parties further stipulated that the subject property was insured; that prop-

---

1. The Court may take judicial notice of facts that are not subject to reasonable dispute in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot

erty taxes and penalties in the amount of $255.13 for the year 1992 were unpaid; and that property taxes for 1993 were due but not delinquent. On Schedule C of their plan, the Debtors claimed the subject real estate exempt as their homestead.

FSBH argues that pursuant to 11 U.S.C. section 1322(b)(2) a Chapter 13 debtor cannot modify the rights of a secured creditor when a creditor is secured only by the debtor's principal residence. FSBH cites *In re Seidel*, 752 F.2d 1382 (9th Cir.1985) which holds that a Chapter 13 plan which proposes to extend, over the period of the plan, the time for payments due on a note which was secured by a mortgage on the debtor's home, and which had reached its due date prepetition, improperly modifies the secured creditor's rights.

The Debtors contend that the subject property is property of the estate under 11 U.S.C. section 541 and that the "cure" provisions of 11 U.S.C. section 1322(b)(3) are available to the Debtors. The Debtors argue that 11 U.S.C. section 1322(b)(3) permits the modification of the rights of the holder of a security interest and permits the Debtors to cure the arrearages due on the promissory note under their 58–month plan. In support of their position, the Debtors cite *In re Williams*, 109 B.R. 36 (Bankr.E.D.N.Y.1989) which "holds that a Chapter 13 Plan which proposes to pay to a non-purchase money secured creditor who has a pre-petition judgment of foreclosure and sale on the Debtors' principal residence, the full present value of the debt over five (5) years is a cure of the debtor's default under Section 1322(b)(3) and not a modification of the secured creditor's rights under Section 1322(b)(2) and (b)(5)." *Id.* at 42.

## III. *CONCLUSIONS OF LAW*

The courts are somewhat split on this issue. One line of cases denies confirmation of a plan which proposes payments far beyond the time originally contemplated to a creditor which is secured by the debtor's principal residence, because the courts believe that such a plan proposes an impermissible modification of a secured lender's rights. *See In re Seidel*, 752 F.2d at 1387 (when debt has reasonably be questioned." *In re Calder*, 907 matured by own terms, and not by lender's acceleration, debtor may not, in effect, create new pay schedule); *In re Manocchia*, 157 B.R. 45 (Bankr.D.R.I.1993) (same). Another line of cases holds that when the debtor's default triggered an acceleration of the debt, a chapter 13 plan may cure the default over the life of the plan without violating section 1332(b)(2). *See Grubbs v. Houston First American Sav. Ass'n*, 730 F.2d 236 (5th Cir. 1984). Yet another bankruptcy court holds that it is immaterial whether a debt becomes due based on an acceleration, or by its own terms, and that a debtor may propose a plan which "cures" the debtor's default under section 1322(b)(3). *See In re Williams*, 109 B.R. at 41.

This Court, without reaching the acceleration issue, after reviewing the different lines of cases and in view of the recent Supreme Court decision in *Nobelman v. American Sav. Bank*, —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) (section 1322(b)(2) protects the secured home mortgage lender's rights as opposed to its claims), finds the rationale of the *Seidel* court to be more persuasive.

The *Seidel* court properly noted that Congress intended, as is evident from the ordinary reading of the language in 11 U.S.C. section 1332(b)(2), to "insulate a certain subset of creditors—those wholly secured by home mortgages—from the general authority to modify...." *Seidel* at 1386. This Court is compelled, as was the Ninth Circuit in *Seidel*, to uphold Congress's intention to protect home mortgage lenders. Although a Chapter 13 debtor is allowed to "cure" outstanding debts over the period of the plan, when the plan extends the time for payments beyond the time originally contemplated by a creditor who is secured only by the debtor's residence, the creditor's rights are being "modified" in violation of 11 U.S.C. section 1322(b) and the plan cannot be confirmed.

Therefore, the Court will enter an order sustaining the objection of FSBH to the Debtors' Chapter 13 bankruptcy plan.

F.2d 953, 955 n. 2 (10th Cir.1990).