**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-1294**

———————————

In Re: DELORIS JEAN HENRY,

                                                      Debtor.

- - - - - - - - - - - - - -

FRANK JAMES LINEBERGER,

                                                      Appellant,

        versus

DELORIS JEAN HENRY,

                                                      Appellee.

———————————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Graham C. Mullen, Chief
District Judge.  (CA-03-367-3; BK-03-31155)

———————————

Submitted:  August 26, 2005          Decided:  October 28, 2005

———————————

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Frank James Lineberger, Appellant Pro Se.  Terry Michael Duncan,
Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Frank James Lineberger appeals from the district court's order affirming the bankruptcy court's orders denying his motion for relief from the automatic stay in Deloris Henry's bankruptcy case, 11 U.S.C. § 362(a) (2000), overruling his objection to confirmation of the bankruptcy plan, and confirming Henry's Chapter 13 plan. We find that the plan proposed an impermissible modification of the terms of the agreement between Henry and Lineberger, and therefore vacate the district court's order and remand for further remand to the bankruptcy court for further proceedings.

Section 1322 of the Bankruptcy Code provides in part that a proposed Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2) (2000). "[N]otwithstanding paragraph (2) of this subsection, [the plan may] provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any . . . secured claim on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5).

The final payment on the debt to Lineberger was due before Henry filed her petition in bankruptcy. Thus, Lineberger's claim was fully matured prior to the bankruptcy filing and cannot

be "cured" within the meaning of § 1322(b)(5).  See In re Litton, 330 F.3d 636, 643 n.7 (4th Cir. 2003) (stating that "cure provision applies only to secured claims that have yet fully to mature").  Although the plan proposed to pay the total amount due with interest,[*] this proposal constituted an impermissible modification of the terms of the debt because it sought to extend the term of repayment and to alter the interest rate.  See id. at 644; In re Gianguzzi, 145 B.R. 792, 794 (Bankr. S.D.N.Y. 1992) (denying confirmation and lifting stay for mortgagee where debtor proposed to pay fully matured mortgage at reduced interest rate over five year term of plan).  Because § 1322(b)(2) prohibits confirmation of a plan that seeks to modify the terms of a debt secured only by the debtor's principal residence, we find that the bankruptcy court erred in confirming Henry's Chapter 13 plan, and the district court erred in affirming that decision.

Accordingly, we vacate the district court's order and remand with instructions for further remand to the bankruptcy court for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*]The parties disagree as to the amount of the claim and the applicable interest rate.  We express no opinion on these issues.